### MORGAN v. PENNSYLVANIA R. Co.

*(Circuit Court, S. D. New York.    May 9, 1881.)*

1. LICENSE TO CROSS PREMISES—LIABILITY OF LICENSOR.
    A naked license to pass over premises does not create any obligation, upon the part of the licensor, to provide against danger or accident to the licensee.

2. SAME—SAME.
    The mere fact that a party, from the nature of his employment, is authorized to cross the tracks of a railroad, will not warrant such crossing at a place other than that provided by the railroad.—[ED.

Motion for New Trial.

*Braun & Tomlinson,* for plaintiff.

*Robinson & Scribner,* for defendant.

WALLACE, D. J.    At the close of the evidence in this case the court directed the jury to find a verdict for the defendant. The plaintiff now moves for a new trial.    For the purposes of the motion the plaintiff is entitled to the benefit of every controverted fact, and all disputable inferences, which the jury could have indulged in his favor.    The action is for injuries received by the plaintiff in falling into an unprotected pit, located between the tracks of the defendant's road, and used by the defendant for dumping the ashes of its engines.    The pit was located upon the private grounds of the defendant, lying contiguous to its freight-shed, and occupied by several tracks running parallel to each other, the pit being under the fifth track from the shed.    The plaintiff was in the employ of a lighterage company, which was authorized to carry defendant's freight to and from its freight-shed, and to moor its lighters at and fasten them to the wharf adjacent to the freight-shed, for the purposes incident and necessary

to the loading and unloading of the lighters. The wharf extended from the shed to the North river. The railroad tracks were on the opposite side of the freight-shed from the river. There was no way of access to, or egress from, the freight-shed to any street or public land without crossing the tracks of the defendant, except by water; but at one end of the freight-shed the defendant had arranged accomodations for ingress and egress, so that laborers at the shed could reach a street terminating near that point without crossing as many tracks as there where the plaintiff attempted to cross. On the occasion in question, the plaintiff came at nightfall with a barge to the wharf, which it was intended to load with freight the next morning, and, after mooring the barge, started to cross the defendant's tracks in order to reach his home; but instead of going by the way provided by the defendant, he crossed the tracks at a different place, and, while thus passing through the yard of the defendant, fell into the pit and was injured. It was proved that the plaintiff had frequently crossed the tracks before, at or near the same place, and that other laborers employed at the freight-shed had also frequently done so, thereby saving some time and distance over that required to use the crossing provided by the defendant.

Upon this case the court ruled, inasmuch as, in the view of the evidence most favorable to the plaintiff, nothing more than a mere license or permission to the plaintiff to cross where he did was shown, that the defendant owed the plaintiff no duty and could not be liable for negligence. It was conceded on the argument that this ruling was correct, if the plaintiff was crossing the defendant's premises by a license merely, and not by invitation. Indeed, the doctrine that a naked license or permission to enter or pass over premises will not create a duty or impose an obligation on the part of the owner towards the licensee to provide against danger or accident, is so elementary that it cannot be questioned.

What is there in the present case to indicate anything beyond a passive acquiescence on the part of the defendant in the custom of the employes at the freight-shed to cross its

tracks at other places than that which the defendant had provided for the purpose? If the defendant has directly, or by implication, invited such a use of its premises as was attempted by the plaintiff, the invitation must be found in its conduct in permitting others to do the same thing. There was nothing in the nature of the defendant's employment at the freight-shed which required him to cross the defendant's track at all. As an employe of the lighterage company, he was protected to the same extent his employer would have been if the latter had been an individual instead of a corporation. He had a right to use the wharf and the freight-shed for the purposes incident and necessary for the loading, unloading, and transportation of the defendant's freight. But, assuming that it was implied from this that the employes of the lighterage company might go to or from the freight-shed over the lands of the defendant to reach the highways in the vicinity of the freight-shed, if convenience should require, it certainly was not implied that the employes might choose their own place for crossing the defendant's lands when the defendant had already provided a place for crossing. The case is not as strong for the plaintiff as the common one where the owner of lands has allowed such persons as chose to do so, for their own convenience, to pass over them without hindrance. One who thus uses another's lands cannot complain if he encounters unexpected perils. *Hounsell* v. *Smith,* 97 Eng. Com. Law, 731; *Balch* v. *Smith,* 7 H. & N. 732; *Nicholson* v. *Erie Ry. Co.* 41 N. Y. 525. In this case the plaintiff and all who used the place where plaintiff was injured knew it was devoted by the defendant to purposes which necessarily rendered it dangerous to others.

The case is destitute of a single circumstance from which it can be inferred that the plaintiff was invited or induced by the defendant's conduct to cross where he did. There was merely a naked license to cross, implied from previous acquiescence on the part of the defendant. If there was an invitation to cross at all, it was to cross at the place which the defendant had prepared for that purpose.

The motion for a new trial is denied.