# WINTER SESSIONS, 1899.

JOHN WELDON, an infant, by his next friend, WILLIAM B. WEL-
DON, *vs.* THE PHILADEPHIA, WILMINGTON AND BALTIMORE
RAILROAD COMPANY, a corporation of the State of Delaware.

*License—Permissive Way—Infancy of Plaintiff—Damages—Neg-
ligence.*

1. A license to cross a railroad growing out of the mere passive acquiescence
of the company, will be strengthened by any act of the company which amounts to an
inducement or invitation held out to the people to use the crossing, but such invitation
must be some unequivocal act done by the company indicating such purpose. A mere
permission or license to cross is not such an invitation. A permissive way for a direct
passage across a railroad track will not authorize the person so using it to stop or play
thereon.

2. Where persons are using a permissive way across a railroad track at the in-
vitation of the company, and under such circumstances as in law to affect the company
with notice of their presence, the company must exercise toward them such care as
reasonably careful and prudent persons would exercise under like circumstances. But
where persons are using such permissive way, without such invitation of the company,
and only upon the permission or silent acquiescence of the company, the rule of law
is the same as in the case of mere trespassers ; that the company will be held liable
only for such injuries as arise from its gross negligence or wanton disregard of human
life. In such case the user crosses the railway at his own risk and subject to all the
perils of the way.

3. If openings are left by a railroad company between cars on its siding at
or near a crossing, for its own convenience in shifting or placing cars upon such sid-
ing, even though such openings are quite uniformly left at or about such crossing, they
would not amount to an invitation to the people to use the crossing, unless it should
satisfactorily appear from the evidence that such openings were so made and left ex-
pressly for public accommodation. The presumption of law is that such openings
were left for the convenience of the company, which presumption, however, may be
rebutted by evidence which satisfies the jury to the contrary.

4. The general rule is that the care required of an infant in avoiding danger
in any case is that which children of the same age of ordinary care and prudence

would exercise in like circumstances, yet this is not an inflexible rule, but is to be modified according to the maturity and capacity of the infant, his ability to understand and appreciate the danger, and his familiarity with all the surroundings and conditions in each particular case; and it is for the jury to say whether under all such circumstances the infant exercised reasonable care.

*(March 21, 1899.)*

Lore, C. J., and Pennewill and Boyce, J. J., sitting.

*Lewis C. Vandegrift* and *Franklin Brockson* for plaintiff.

*Andrew C. Gray* and *Herbert H. Ward* for defendant.

Superior Court, New Castle County, February Term, 1899.

Action on the case (No. 68, September Term, 1897), to recover damages for personal injuries alleged to have been received by plaintiff August 8th, 1895, on the easterly side track of the defendant company, at Townsend, Delaware. The facts sufficiently appear in the charge of the Court.

At the conclusion of plaintiff's testimony, the defendant moved for a nonsuit on two grounds, viz:

*First.* That the plaintiff had not shown that there was any negligence on the part of the defendant company.

*Second.* That the plaintiff contributed to the accident by his own negligence.

After an extended argument, occupying more than a day, the Court rendered the following decision:

Lore, C. J.:—The Court have given the arguments presented with so much ability, yesterday and to-day, all the consideration our limited time enabled us to give, and we have reached the conclusion that the questions presented can be better dealt with by the Court in the charge to the jury. We decline to order a nonsuit.

## WELDON vs. P., W. & B. R. R. CO.     **3**

PLAINTIFF'S PRAYERS.

*Mr. Gray:*—Will your Honors note an exception.

LORE, C. J.:—Do you insist upon your application to note an exception ?

*Mr. Gray:*—Yes, sir; I see it has been done in some cases.

LORE, C. J.:—Let it be noted.

### PLAINTIFF'S PRAYERS.

Plaintiff prayed the Court to charge the jury, in part, as follows:

If the jury shall believe that the defendant acquiesced for so long a time in the crossing of its tracks by pedestrians at the place where the injury occurred as to make such acquiescence amount to a license and permission by defendant to all persons to cross its tracks at this point, the duty was thereby imposed upon the defendant, in respect to persons so using the crossing, to exercise reasonable care with regard to the movement of its trains, and that so long as it permitted the public use, it was chargeable with knowledge of the danger to human life from operating its trains at that point and was bound to such reasonable precaution in their management as ordinary prudence dictated, to protect wayfarers from injury. That the ground of liability in such a case is negligence, and the duty of the defendant to exercise reasonable care existed irrespective of the fact whether the plaintiff minor had a fixed legal right to cross the track, or was there simply by the defendant's permission. The circumstances known to the defendant required this, whether the minor was there by right or by a mere license.

*Barry vs. N. Y. &c., 92 N. Y., 289; Byrne vs. N. Y. &c., 104 N. Y., 362 (366); 74 Fed., 285; 145 Mass., 433; 153 Mass., 82; 84 Iowa, 71.*

When a railroad company has for years without objection permitted the public to cross its tracks at a certain point not in

itself a public crossing, it owes the duty of reasonable care towards those using the crossing.

*Taylor vs. D. & H. Canal Co., 113 Pa. St., 162-175.*

That it is a reasonable and necessary rule that a higher degree of care should be exercised toward a child, incapable of using discretion commensurate with the perils of his situation, than one of mature age and capacity. Hence conduct which, towards the general public, might be up to the standard of due care, may be gross or wanton negligence, when considered in reference to children of tender years and immature experience.

*Harmann vs. P. C. & St. L. Ry., 45 Oh. St., 11, quoting Branson's Admr. vs. Labrot, 81 Ky., 638 ; Powers vs. Harlow, 53 Mich., 507, 19 N. W., 257.*

The railroad company must not by active force, or by what has been called "active negligence," injure a person crossing its tracks under a license.

*Stevens vs. Nicholas et al., 155 Mass., 472 (475) ; June vs. B. & A. R. R., 153 Mass., 79 (82) ; Pomponio's Admrs. vs. N. Y. &c. Ry. Co., 66 Conn., 528 (538).*

That if the jury shall in this case believe the defendant permitted the public, including the children in the village, to cross its tracks at the place in question, and that the minor when injured was so crossing with the ordinary care to be expected of an ordinary child of his years, and that the defendant in moving its cars together at the time in question at said crossing did not exercise the diligence and care that prudence and a proper regard for the lives and limbs of others required, then it will not be heard to say that said minor was a trespasser to whom it owed no duty or for whose protection it was under no obligation to make provision.

*U. P. Ry. vs. McDonald, 152 U. S., 279.*

It is for the jury to determine the child's capacity to appreciate danger and whether or not it has exercised the requisite degree of care.

*Kunz vs. City, 104 N. Y., 344 (350-1) ; Stone vs. Dry D. Co., 115 N. Y., 104 ; Baker vs. R. R. Co., 35 N. W., 836 ; Iron Co., vs. Browle (Ala.), 3 So. R., 555.*

A boy may lawfully run to avoid injury, or when frightened, or in play, and the fact that the plaintiff was running on the occasion of his injury does not constitute negligence on his part.

*U. P. Ry. Co. vs. McDonald, 152 U. S., 262–268.*

That the wrong of the drunken man, if you shall believe he was a factor in causing the injury to plaintiff minor, will not lessen the defendant's liability, if upon the evidence the jury believe the defendant's negligence combined with that of the drunken man to cause the injury plaintiff minor suffered.

*Harmann vs. P. C. & St. L. Ry. Co., 45 Oh. St., 11, citing Land vs. Atlantic, &c., 111 Mass., 136.*

That if before entering upon the track the minor saw the cars standing still with a space to pass between and had no reason to anticipate until he was between them that they would be moved and it was then too late to escape, no negligence can be imputed to him.

*Sullivan vs. N. Y., 28, N. E., 911, at 913.*

Even if John Weldon was guilty of some negligence, yet if the defendant was guilty of the negligence which was the proximate cause of the injury, still John Weldon, the plaintiff, would be entitled to recover.

*Chielinsky vs. Hoopes & Townsend, 1 Marvel, 273.*

That the failure to sound a whistle or ring a bell of an engine before putting together cars theretofore standing still on each side of a permissive way which crosses said track at grade, in view of the policy of this State as defined by the statute relating to the crossing by railroad trains of public highways at grade, is in and by itself negligence.

If the jury should believe that John Weldon was even negligent in being in the opening between the cars, but that the defendant's negligence was the proximate cause of the injury and that the defendant could, by the use of reasonable and ordinary care, have avoided said injury, the verdict should be for the plaintiff, because "a man may be unlawfully in a certain place, and therefore there

certainly by his negligence in not obeying the law and keeping away, to say the least. While there he is injured by the negligence of another; it will be no excuse for that other that he is there unlawfully, unless by being there he promoted, in some other way than by *simply being there,* the other's wrongful act."

*Patterson vs. P., W. & B. R. R. Co., 4 Houst., 103 ; Jones vs. Belt, 8 Houst., 562 ; Ford vs. Warner Co., 1 Marvel, 88.*

### DEFENDANT'S PRAYERS.

The defendant prayed the Court to instruct the jury, in substance, as follows:

That the plaintiff having failed to prove the defendant guilty of the violation of any duty owed to the plaintiff, and having contributed to the accident by his own negligence, the jury must return a verdict for the defendant.

That though a permissive way be shown to exist, yet the plaintiff was but a gratuitous licensee, and must take the license subject to the perils of the ordinary use by the owner. The owner is under no duty of active diligence to such a licensee.

*Wright vs. Boston A. R. Co., 64 N. H., 220 ; 142 Mass., 296 ; Am. & Eng. R. R. Cases, 652 ; Pollock on Torts, 424 ; Morgan vs. R. R., 7 Fed., 78.*

That to vary the duty owed an infant trespasser, or infant gratuitous licensee from that owed an adult, there must be positive proof that the defendant knew of the infant's presence on or approaching the place of peril.

The owner of premises is responsible to a trespasser, or gratuitous licensee, only for gross or wanton negligence.

No matter how careless the owner of property may be in his customary and ordinary manner of using his property, such customary and ordinary use is not negligence towards trespassers or gratuitous licensees, whose presence is unknown.

Even if the defendant be guilty of such negligence as would otherwise render it liable, yet if the injury was caused in any

## WELDON vs. P., W. & B. R. R. CO.                    7

DEFENDANT'S PRAYERS.

degree by the negligence or careless conduct of John Weldon, the verdict must be for the defendant.

Huber vs. Jackson & Sharp Co., 1 Marvel, 374.

The fact that there may be other boys who carelessly expose themselves, will not help the plaintiff in his suit. While he is only bound to show that he exercised such care as ordinary boys of his age and intelligence and previous knowledge of the surroundings are accustomed to exercise, the standard is the conduct of boys who are ordinarily careful.

Bertleson vs. Ry. Co., 40 N. W. Rep., 531; Marlin vs. R. R. Co., 16 Atl. Rep., 212 and 623; R. R. vs. State, 68 Atl. Rep., 292; R. R. vs. McLaughlin, 47 Ill., 265; Reynolds vs. Ry., 258 N. Y., 248; Nagle vs. R. R., 88 Pa., 35; Messenger vs. Denney, 137 Mass., 197; Hayes vs. Norcross, 162 Mass., 546; Sherman & Redfield on Negligence, Vol. 1, page 113; Sherman & Redfield on Negligence, Vol. 2, page 845; Ry. vs. Tartt, 12 C. C. A., 625; Layman vs. Iron Wks., 72 N. W., 183; Woodridge vs. R. R., 105 Pa., 460; Ry. vs. Vittitoe's Admr., 41 S. W., 269; Sheehan vs. Ry., 22 C. C. A., 121; Shweir vs. Ry., 15 Hun., 572; 3 Elliott on R. R., 1959, &c.

If children unreasonably, in the possession of fair intelligence, and intentionally run into danger, they should take the risks, and children as well as adults should use the prudence and discretion which persons of their years ordinarily possess, and although children are often reckless, they cannot be permitted with impunity to indulge in conduct which they know, or ought to know, to be careless.

Hayes vs. Norcross, 162 Mass., 546; Sherman & Red. on Negligence, Vol. 2, page 834; Ry. vs. Flannigan, 57 N. J. L., 696. Sherman & Red. on Negligence, Vol. 1, page 108; Ry. vs. McLaughlin, 47, Ill., 265; Fulton vs. Aubrey, 20 C. C. A., 436.

That in order to find that there was a permissive way across the property of the defendant at the place where the plaintiff was injured, the jury must be satisfied that there was a definite path or line notoriously and constantly used by the public, and sufficiently defined to be called a way leading across the track of the company

where plaintiff was injured, and that such use of such path or line of passage by the public was known to the defendant company.

That evidence which, as a whole only shows that the public crossed the property and tracks of the company at varying points within the limits of one or two hundred feet, as each passer found most convenient, or as openings between or disposition of the cars upon the side track permitted, will not establish or tend to establish a permissive way within the meaning of the law.

That a permissive way, if the jury should find that such way existed, did not involve any other use thereof by the plaintiff than merely to pass over the land of the company, and would not warrant him in so passing between the cars as to place himself in, and keep himself in, a place of danger thereon, until the regular use of the defendant's trains and property resulted in his injury.

That if the jury find that a proper permissive way in fact existed across the land and tracks of the defendant at the point where the plaintiff was injured, and that the plaintiff was at the particular time he was injured, properly using the same, then the plaintiff was, in using such permissive way, a gratuitous licensee of the defendant company. That the plaintiff under such circumstances, accepted the privilege to cross the tracks of the defendant, subject to the common and ordinary use of such tracks, and the movements of the trains and cars of the defendant company with all the usual and customary dangers and risks accompanying such use and movement.

*111 &c. R. R. vs. Hetherington, 83 Ill., 510; Finlayson vs. Chicago, &c., 1, Ill., 579; Bancroft vs. Boston &c. R. R. Co., 97 Mass., 276.; Ill., &c. R. Co. vs. Godfrey, 71 Ill., 500; Galena &c. R. Co. vs. Jacobs, 20 Ill., 478; P. & R. Ry. vs. Hummell 44 Pa. St., 375; Brand vs. Troy &c. R. R., 8 Barb., 368; Gaynor vs. R. R. Co., 100 Mass., 208; Blanchard vs. R. R. Co., 18 N. E. Rep., 799; Johnson vs. R. R., 125 Mass., 75; Morissey vs. R. R. Co., 126 Mass., 377; Galligan vs. R. Co., 143 Mass., 527; Sutton vs. N. Y. &c. Ry., 66 N. Y., 243; Ill. Cent. Ry. vs. James, 67 Ill. App., 649.*

WELDON vs. P., W. & B. R. R. CO.    9

CHARGE OF COURT.

That it was the duty of the plaintiff, before attempting to cross the tracks of the defendant, under the circumstances of this case, to have looked and listened and by the use of his senses to have ascertained whether the defendant was either moving or about to move its cars, and that if the jury find that the plaintiff did not so look and listen, and in default thereof ran into a place of danger, whether such danger was produced by the negligence of the defendant or not, the plaintiff contributed to his own injury and cannot recover.

The burden is upon the plaintiff to show by preponderance of proof that the negligence of the defendant was the sole cause of the injury.

*Huber vs. Jackson & Sharp Co., 1 Marvel, 374.*

LORE, C. J., charging the jury:

Gentlemen of the jury:—John Weldon, the plaintiff in this action, claims that on the eighth day of August, 1895, he was ten years, nine months and thirteen days old. That between four and five o'clock on the afternoon of that day, in running away from a drunken man in the town of Townsend in this county, he ran upon the easterly siding or track of the railroad of the defendant company, into an opening between two cars standing on the siding, at or near the point where Gray street of the said town intersects the said railroad. That the cars on the siding were standing still when he ran upon the track ; that almost instantly, without blowing a whistle, ringing a bell or other warning, a shifting engine pushed the cars together, caught him between the cars, and so crushed his right shoulder and arm that they have withered and become wasted ; that he is a cripple and maimed for life. That at the point where he was crossing the siding, many of the adults and children of the town, had been in the habit of crossing the railroad for a period of many years theretofore, with the knowledge and consent of the company, and without any objection whatever on the part of the company. That there was a pathway at that point, made by the persons so crossing the railroad, and that the company

frequently left open spaces at that point between the cars on the siding through which the people so passed; thus inviting them to cross. That at the time of the accident he was using due care, and that his injuries resulted from the negligence of the company.

The defendant, on the other hand, contends that Gray street was not a public highway opened and in use across the land of the company at that point, and that there was no pathway recognized by the company at the place of the alleged injury; that on the contrary the alleged way was obstructed by a ditch and embankment. That the plaintiff was upon the land owned by the company in fee, and was a mere trespasser or licensee, and as such was using the crossing at his own risk and peril. That the company had no knowledge of the presence of the plaintiff on the siding, until after the accident; that therefore the plaintiff's injuries were the result of his own carelessness.

It is admitted in this case on both sides, that this siding was located on land owned by the defendant company, and was used by the company in the prosecution of its business, at its convenience, for placing, loading and shifting cars, and that the place where the plaintiff was injured was upon the lands of the company.

Two controlling questions are presented for your consideration:

*First.* In what right was the plaintiff crossing the siding at the time of the injury?

*Second.* What were the relative rights and duties of the plaintiff and the defendant, at that time and under the circumstances, growing out of the infancy of the plaintiff?

*First.* The plaintiff claims that he was crossing that siding under the protection of a permissive or implied license from the company itself, and even at the invitation of the company. It is therefore needful that you should understand what such a license means.

" A license is an authority to do a particular act or series of

WELDON vs. P., W. & B. R. R. CO.          11

CHARGE OF COURT.

acts, on the land of another, without possessing any estate therein."
—*11 Mass., 533.*

"An implied license, is one which is presumed to have been given, from the words, acts or passive acquiescence of the party authorized to give it."—*2 Bouvier Dic., 222.*

Such a license must be established by proof, and is not to be inferred from equivocal declarations or acts of the owner of the land.—*31 Atl. Rep. (Pa.), 310.*

Such a license is revocable at the will of the grantor, unless it is either irrevocable in its terms, or is coupled with an interest.

A license to cross a railroad growing out of the mere passive acquiescence of the company, will be strengthened by any act of the company, which amounts to an inducement or invitation held out to the people to use the crossing. But such invitation must be some unequivocal act, done by the company indicating such purpose. A mere permission or license to cross is not such an invitation.—*142 Mass., 300.* Such permission can only be used in any case, for the purpose and in the manner indicated. Hence a permissive way for a direct passage across a railroad track, will not authorize the person so using it to stop on the track, or to loiter or play thereon.

Where persons are using a permissive way across a railroad, at the invitation of the company, and under such circumstances as in law to affect the company with notice of their presence, the rule of law is, that the company must exercise toward them, such care as reasonably careful and prudent persons would exercise under like circumstances. But where persons are using such permissive way, without such invitation of the company, and only upon the permission or silent acquiescence of the company, the rule of law is the same as in the case of mere trespassers; that the company will be held liable only for such injuries as arise from its gross negligence or wanton disregard of human life. In such case the user crosses the railway at his own risk, and subject to all the perils of the way.

This doctrine is supported by the highest authority and is based upon sound reason. It would be unreasonable to hold, that a person who of his own will and for his own convenience enters upon the land of another, and because he is not ordered off of the premises by the owner of the land, that by such forbearance on the part of the owner, he should acquire such a status, as to impose upon such owner the duty to see that the way is safe for such gratuitous licensee, and that no accident should befall him while thus using the premises for his own convenience.

How much more reasonable to hold, that such gratuitous licensee should proceed at his own risk, with every sense alert for his own protection, save only as against wanton negligence on the part of the owner. Any other doctrine would impose unreasonable burdens upon a merely private owner of land; but where the owner is the operator of a public line of railway, with tracks and numerous sidings, of necessity open to the public in country, town and city, it would impose intolerable burdens, and require an enormous force of employees, to watch and guard every possible opening along its lines, and would so cripple the movement of trains, as to make rapid transit a matter of impossibility. This is irrespective of the added danger to all travelers by rail that would arise from obstructions and accidents thus encouraged, on the part of careless users of railroad premises.

" Indeed the doctrine that a naked license, or permission to enter upon one's premises, will not create a duty or impose an obligation on the part of the owner toward the licensee, to provide against danger or accident, is so elementary that it cannot be questioned.

*Morgan vs. The Pa. R. R. Co.,* 7 *Fed.,* 78; *Nicholas vs. Wash. etc. R. R. Co.,* 83 *Va.,* 99.

What, then, amounts to an invitation in law ?

It is claimed in this case that the defendant company frequently left openings between the cars, on the said easterly siding, among other places at or about the place of the injury; thus invit-

WELDON vs. P., W. & B. R. R. CO.          13

CHARGE OF COURT.

ing the people to cross there.   If such openings were left by the defendant company for its own convenience, in shifting or placing cars upon its own siding, even though such openings were quite uniformly at or about the place named, such openings would not amount to an invitation to the people to use the crossing, unless you should be satisfied from the evidence in this case that such openings were so made and left expressly for the use of the people.

The company had a right to use its own siding in the prosecution of its business, and to leave openings between the cars on that siding when and where it pleased, so far as mere permissive crossers were concerned.   Moreover the presumption of law is that such openings were left for the convenience of the company.   This presumption, however, may be rebutted, if there be evidence which satisfies you that such openings were not left for the convenience of the company, but to accommodate the public.

We have dwelt thus fully upon this subject of a permissive way, because it involves questions somewhat new in this State, and never heretofore precisely adjudicated; and because it is a crucial point in the case.   For we say to you, that if you should find from the evidence, that at the time of the accident John Weldon, the plaintiff, was crossing that railroad merely by the permission or acquiesence of the defendant company, he cannot recover in this case, unless you should find that the injuries of which he complains were the result of gross negligence or reckless or wanton carelessness on the part of the defendant; for in such case he went upon that crossing at his own risk and must take the consequences.   The company would not be liable for the mere want of ordinary care.

We now turn to the second question.

What were the relative rights and duties of the plaintiff and the defendant at that time and under the circumstances growing out of the infancy of the plaintiff?

In *Cleveland Rolling Mill Company vs. Corrigan, 20 N. E., 469*, Judge Williams says:   "We think it a sound rule, therefore, that in the application of the doctrine of contributory negligence to

children, in actions by them or in their behalf, for injuries occasioned by the negligence of others, their conduct should not be judged by the same rules which govern that of adults; and while it is their duty to exercise ordinary care to avoid the injuries of which they complain, ordinary care for them is that degree of care which children of the same age, of ordinary care and prudence, are accustomed to exercise under like circumstances."

In *1 Sherman and Redfield on Negligence, Section 73,* it is considered that the rule is, " now settled by the overwhelming weight of authority, that a child is held, so far as he is personally concerned, only to the exercise of such care and discretion, as is reasonably to be expected from children of his age."

Judge Hunt in *R. R. Co. vs. Stout, 17 Wallace, 651,* adds this qualification: " The care and caution required of a child is according to his maturity and capacity only, and this is to be determined in each case, by the circumstances of that case."

Therefore while the general rule is, that the care required of an infant in avoiding danger in any case is that which children of the same age of ordinary care and prudence would exercise in like circumstances, yet this is not an inflexible, or as has been said, a hard and fast rule; but is to be modified according to the maturity and capacity of the infant, his ability to understand and appreciate the danger, and his familiarity with all the surroundings and conditions in each particular case; and it is for the jury to say whether under all such circumstances the infant exercised reasonable care.

The law upon these two points practically controls this case, and it is for you to apply the law as we have above stated it in reaching your verdict.

If you are satisfied from the evidence that, at the time of the accident, Weldon was crossing the railroad at the invitation of the company, and while so crossing was injured by the negligence of the company, without fault on his part (therein considering his age, intelligence, familiarity with the place and all the surroundings); then your verdict should be for the plaintiff for such reasonable

sum as will compensate him for his injuries.    If, however, he contributed to the injury, by stopping or loitering on the crossing, he was guilty of contributory negligence and cannot recover.    The burden is upon the plaintiff to show that the negligence of the defendant was the sole cause of the accident.

If, however, you should find that he was crossing the railroad only by the mere permission or acquiesence of the company, then he cannot recover, unless you find that the injuries complained of were the result of gross negligence or wilful or wanton carelessness on the part of the defendant company.    The want of ordinary care in such case would not make the defendant liable.

We do not think the doctrine of proximate and remote cause applies to this case; nor is it within the scope of the statute relating to grade crossings at public highways.

It now remains for you to decide this case, and in so doing you are to be governed in your conclusions by no other considerations than the evidence which you have heard in this Court, and your recollection of that evidence must control you in all cases, without respect to what may have been said by the Court in this charge about it by way of illustration.

The jury disagreed.