# WINTER SESSIONS,

## 1905.

BERNARD G. GOLDSTEIN, administrator of OSCAR GOLDSTEIN, deceased, *vs.* PEOPLES RAILWAY COMPANY, a corporation of the State of Delaware.

*Personal Injuries — Negligence — Railway Company—Infants—Trespassers—Contributory Negligence—Degree of Care Required Toward Infant Trespassers by Railway Company—Child Discovered on Platform of Car—Duty of Motorman—Liability of Company—Measure of Damages.*

1. The rule as to contributory negligence, as it affects the conduct of children is not the same as governs adults. It is the duty of the infant to exercise ordinary care to avoid injury, yet ordinary care for him is that degree of care which children of the same age, of ordinary care and prudence, are accustomed to exercise under like circumstances.

2. A railway company is not required to anticipate the presence of a child on its cars who may not come on as passenger or by invitation, and if such child, while unobserved by the servants of the company because of their attention to their duties, voluntarily jumps off or falls while the car is in motion, and is thereby injured, without any negligence on the part of the company, the company is not liable. It is not an insurer of the safety of infant trespassers, and is not required to use so high a degree of care for the protection of trespassers as would be required in the case of persons lawfully on its cars; or such care as would interfere with the usual and proper discharge of their duties by the servants of the company.

3. If the motorman of a railway car sees a child of very tender years in a dangerous position upon the front platform of the car while it is in motion, and by an order or threat so frightens the child as to cause him to jump or fall from the car, and be thereby injured, the company would be liable.

(*February 20, 1905.*)

LORE, C. J. and PENNEWILL and BOYCE, J. J., sitting.

*Andrew E. Sanborn* and *John W. Huxley* for plaintiff.

*Robert H. Richards* and *William S. Hilles* for defendant.

Superior Court, New Castle County, February Term, 1905.

Case (No. 79, May Term, 1903).

BOYCE, J., charging the jury:

Gentlemen of the jury:—Bernard G. Goldstein, administrator of Oscar Goldstein, deceased, the plaintiff in this action, seeks to recover from the Peoples Railway Company, the defendant, damages for the death of the decedent, which the plaintiff alleges was caused by the negligence of the defendant company through one of its motormen while on one of its cars on King Street, near Second Street, in the City of Wilmington, on the 16th day of November, A. D. 1902, (1) in that the said motorman suffered and permitted the said Oscar Goldstein, an infant of about the age of five years, to be and remain in a dangerous position upon the front platform or step of the said car after he, the motorman, had knowledge thereof and while the car was in rapid motion; (2) in that the said motorman did so order and direct the said infant to get off the car as to frighten him, and cause him either to jump or fall from the car while in rapid motion; (3) in that by the negligence and carelessness of the said motorman the decedent fell or was thrown or knocked from the step or platform of said car while in rapid motion whereby he was run over by the car and sustained such injuries that he very soon thereafter died.

The defendant company, however, denies that it was guilty of any negligence or wrong doing from which, as it is alleged, the injury complained of was inflicted, resulting in the death of the said Oscar Goldstein.

The said company further contends that it was in the exercise of reasonable and proper care at the time of the accident, and that immediately before and at the time its motorman neither knew nor by the exercise of reasonable care might have known of the presence or perilous position of said Oscar Goldstein.

It is admitted that the decedent was run over by a car operated by the defendant company at the time and place as alleged, receiving injuries from the effects of which he shortly thereafter died; and that letters of administration were subsequently and prior to the bringing of this action duly granted to Bernard G. Goldstein, the plaintiff in this case.

This action was brought upon the alleged negligence of the defendant company, and if the death for which this action has been instituted was not the result of the negligence of the defendant company, the plaintiff cannot recover. Negligence is never presumed in cases of this character. It must be proved. And the burden of proving the negligence to the satisfaction of the jury by a preponderance of the evidence rests upon the plaintiff.

Whether a particular accident was the result of negligence, and whose, is a question of fact to be determined by the jury from the evidence.

Whether negligence exists in a particular case, is a question of fact to be found by the jury, if they may, under the evidence. What constitutes negligence is a question of law for the Court. It has been variously defined in the Courts of this State, but after all, the different definitions mean substantially one and the same thing. It has been termed the want of ordinary care, that is, the want of such care as a reasonably prudent and careful man would exercise under similar circumstances. It has been termed the failure to observe for the protection of the interest of another, that degree of care, precaution and vigilance which the circumstances justly demand, whereby such other person suffers injury. While the obligation to exercise care in the conduct of one's business varies under different circumstances, there always remains the duty to exercise such reasonable care as should be exercised by a person of ordinary

prudence under like circumstances. Applying these general principles of the law as to what constitutes negligence to the facts in the case, drawn from the evidence produced before you, you are to determine whether the defendant did exercise due care, such as a reasonably prudent man would have exercised under similar circumstances. You will observe that what is due and proper care must depend on the particular facts and circumstances of each case. The term, ordinary care and diligence, when applied to the management of electric cars in motion must be understood to import all the care, circumspection, prudence and discretion which the particular circumstances of the place or occasion requires of the servants of the defendant company, and this will be increased or diminished as the ordinary liability to danger and accident, and to do injury to others, is increased or diminished in the movement and operation of such cars.

You are to determine from the evidence, applying it to the law as announced to you by the Court, whether the death of Oscar Goldstein was caused by the negligence of the defendant company, and if so, whether that negligence was the proximate cause of the accident resulting in his death. If the decedent notwithstanding his tender years contributed to the said accident in such a manner as that his conduct was the proximate cause of the accident, a recovery cannot be had therefor.

The rule as to contributory negligence as it affects the conduct of children is not the same that governs adults. It is the duty of the infant to exercise ordinary care to avoid injury, yet ordinary care for him is that degree of care which children of the same age, of ordinary care and prudence, are accustomed to exercise under like circumstances.

While a particular act committed by an infant of the age of discernment and discretion, or by an adult, might clearly constitute contributory negligence, yet, if the same act should be committed by an infant of five years and under, contributory negligence, because of his tender years, might not be imputed to him. Nevertheless, if such child places himself in a position of peril, although

he may be unable to comprehend and appreciate the danger to which he is exposed, and sustains injuries in consequence thereof, the person injuring him under such circumstances would not be liable therefor, if by the exercise of due and reasonable care he could not have avoided the injury.

A railway company is not required to anticipate the presence of children on its cars who may not come on as passengers or by invitation, and the company is not an insurer of the safety of infant trespassers. If a child of tender years gets upon the platform or step of a car while standing, or when in motion, and remains unobserved by the servants of the company because of their attention to their duties in the management of the car, and the child afterwards voluntarily jumps off or falls while the car is in motion, and is thereby injured, without any negligent fault or omission on the part of the servants of the company, there can be no recovery for such injury. Street railway companies, as towards trespassers or mere licensees, must exercise such care and diligence as a reasonably prudent man would ordinarily use under similar circumstances and conditions, and which it would be gross negligence and carelessness not to use. It is not so high a degree of care and diligence as the company would be required to use for the protection of persons lawfully and rightfully on the cars. It is not such care and diligence as make it necessary for a railway company to so guard its cars as to prevent a trespassing child from getting off or on while in motion; neither is it such care and diligence as would interfere with the usual and ordinary running of its cars, or in the proper and faithful discharge by the servants of the company of their duties in operating the cars, but only such as would be reasonable and proper under all the circumstances and conditions surrounding the case at the particular time.—*Tully's Adm'r. v. P., W. & B. R. R., 3 Pennewill, 455.*

It is the duty of a railway company, in operating its cars, to provide competent and careful motormen and servants, and a disregard of this duty would constitute negligence on the part of the company; and if a servant of the company discover an infant upon

his car, he should exercise such care and caution for the safety and protection of the infant as would be reasonable under all the circumstances, considering the age and maturity of the infant and his capacity to comprehend and appreciate the danger of his surroundings. If you find, from the evidence, that the servants of the defendant saw Oscar Goldstein in a perilous position on the car before the accident, and could have prevented the accident, but made no effort to do so, then there was such a lack of care as would constitute gross negligence; and even though he was not actually seen by the servants of the company, yet if he and they were so situated as that he might have been seen, and must have been seen, if they had used proper care under the circumstances, there was such a want of care and diligence as would amount to gross negligence.— *Tully's Adm'r v. P., W. & B. R. R., Co. 3 Pennewill, 464; Woodbridge v. D., L. & W. R. R. Co., 105 Pa., 460; Wynn v. Railway Company (Ga.), 17 S. E., 649.* And if you find that the motorman of the defendant saw Oscar Goldstein in a dangerous position upon the front platform of the car while it was in motion, and that he was then an infant of about the age of five years, and that by an order or threat of the said motorman he was frightened to such an extent as to cause him to jump or fall from the said car while it was in motion, and that the accident and injury to him was caused thereby, the defendant would be liable.

Should you find for the plaintiff, the measure of damages would be such a sum as you believe, from the evidence, the deceased would probably have earned during his life, and left as his estate at the time of his death, and which would have gone to his next of kin, taking into consideration his age, health, and intelligence.

Verdict for defendant.