JOHN C LINTHICUM of H. by HERBERT R. LINTHICUM, his parent and next friend, *vs.* WILLARD S. TRUITT.

1. TRIAL—PROVINCE OF JURY—WEIGHT OF EVIDENCE.
   The jury are the exclusive judges of the weight of the evidence and the credibility of the witnesses.
2. THEATERS AND SHOWS—MERRY-GO-ROUND—NEGLIGENCE—BURDEN OF PROOF.
   Negligence not being presumed, one suing for injury while attempting to board a moving merry-go-round has the burden of showing it.
3. NEGLIGENCE—DEFINITION.
   "Negligence" is a failure to observe, for the protection of another's interests, that degree of care, precaution, and vigilance which the circumstances justly demand, whereby such person is injured.
4. THEATERS AND SHOWS—MERRY-GO-ROUND—INJURY—NEGLIGENCE—PRESUMPTIONS.
   Neither negligence nor contributory negligence is presumed from the mere fact that plaintiff was injured while attempting to board a moving merry-go-round.

Syllabus.

5. THEATERS AND SHOWS—INJURY TO PATRON—NEGLIGENCE—JURY QUESTIONS.

In an action for injury while attempting to board a moving merry-go-round, questions of negligence and contributory negligence *held* for the jury.

6. MASTER AND SERVANT—NEGLIGENCE OF EMPLOYE TOWARD THIRD PERSON—EMPLOYE'S LIABILITY.

Negligence of one in charge of a merry-go-round, resulting in injury to a patron, is negligence of the owner.

7. THEATRES AND SHOWS—MERRY-GO-ROUND—CARE REQUIRED.

One operating a merry-go-round, to which the public is invited to ride for hire, must provide a safe vehicle, machinery, appliances, guards, and approaches, and must use great care, diligence, and skill in managing and operating the same, and wise precaution, to protect patrons from injury.

8. EVIDENCE—WEIGHT—CONFLICTING EVIDENCE—RECONCILIATION.

Where the testimony is conflicting, the jury should reconcile it, if they can; but, if they cannot do so, they should accept as true that part deemed worthy of credit, having due regard to the opportunity and intelligence of the witnesses to know that to which they have testified, to their demeanor, candor, and apparent fairness, and to their interest or bias, if any.

9. TRIAL—DETERMINATION OF ISSUES.

The jury should decide a case from the evidence, in connection with the instructions, and unaffected by disputes or strictures of counsel.

10. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

While contributory negligence defeats recovery for personal injury, this rule is somewhat affected by the relative rights and duties of the parties at the time and under the circumstances of the accident, growing out of infancy of the plaintiff or person injured.

11. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—CHILDREN.

The conduct of children in a matter of contributory negligence is not governed by the rule applying to adults; the degree of care required of them depending upon their maturity, capacity, ability to appreciate danger, and familiarity with their surroundings.

12. NEGLIGENCE—INJURY TO CHILD—CARE EXERCISED.

If an infant places himself in a position of peril, though unable to appreciate the danger, and sustains an injury, the person injuring him is not liable if, by using due and reasonable care, he could not have discovered the peril and prevented the injury.

13. DAMAGES—PERSONAL INJURY—MEASURE.

An infant, negligently injured, is entitled to such recovery as will reasonably compensate him for the injuries, including recovery for past and future pain and suffering, and for any permanent injuries resulting from the accident.

*(April* 19, 1911.)

Judges BOYCE and WOOLLEY sitting.

*Woodburn Martin* and *Levin Irving Handy* for plaintiff.

*Robert C. White* and *James M. Tunnell* for defendant.

Superior Court, Sussex County, April Term, 1911.

ACTION ON THE CASE (No. 18, October Term, 1907) by an infant through next friend, to recover damages for personal injur-

ies received while attempting to get on a merry-go-round while in motion.

See facts in charge of court.

## Plaintiff's Prayers.

The operation of a merry-go-round for the purpose of carrying passengers for amusement, in consideration of the money paid therefor, imposes upon the person engaged in such business the duty of using the greatest care and diligence for the safety of such passengers. This is especially the case when the passengers patronizing the merry-go-round· are little children, who on account of their tender years and immature judgment cannot be expected to look out for their own safety with the same care and skill which a grown person would naturally use.

A merry-go-round for the amusement of children is a machine fraught with danger. Failure to guard or protect such dangerous machine for the safety of those rightfully there is negligence.

It is the duty of a person owning and operating a merry-go-round to which he invites children and the public to come, and ride for pay, to provide a safe and secure means of ingress to and upon said machine, and to this end the merry-go-round should be brought to a full stop and stand to permit patrons to enter the same, and to take their seats.

If the jury believes from the weight of the evidence that the servant of the defendant in charge of the merry-go-round, directed the plaintiff, at that time a child of five years of age, to enter upon and take a place on the merry-go-round while the same was in motion they should consider such instruction a negligent act for which the defendant is liable.

If the jury believes from the weight of the evidence that the defendant's merry-go-round was so defectively and carelessly geared and constructed that in revolving a space was at certain intervals opened between the revolving platform and the stationary platform, and that the injury to the plaintiff was caused by such careless and defective gearing and construction, then their verdict should be for the plaintiff.

Prayers.

If the jury believes from the weight of the evidence that the defendant's merry-go-round had certain pieces broken out and missing from the stationary platform thereof, and that by reason of such defective condition of said platform the injury complained of happened to the plaintiff, then their verdict should be for the plaintiff.

A child is held only to the exercise of such degree of care and discretion as is reasonably to be expected from children of his age.

The care required of a child is to be ascertained by his maturity and capacity, and the particular circumstances of the case, and the determination of the question should generally be submitted to the jury.

The general rule is that an infant of tender years is deemed in law not possessed of sufficient discretion to make it guilty of negligence for its failure to exercise due care for its safety. Children under six years of age have seldom or never been held by courts to be of sufficient age and maturity to be held to accountability for contributory negligence. At such a tender age the plaintiff should not be charged with contributory negligence unless it is quite plain to the jury that he acted in a more careless and negligent manner than a child of such age would be expected to act. 29 *Cyc.* 537, *et seq.*

## DEFENDANT'S PRAYERS.

Where reasonable care is employed in doing an act not itself illegal or inherently likely to produce damage to others, there will be no liability although damage in fact ensues.

Reasonable care does not require such precautions as absolutely prevent injury or render accidents impossible. Nor is the doing of an act necessarily negligence, because there may have been a safer manner of performing it. 21 *Eng. & Am. Encyclopedia of Law*, 464.

It is incumbent upon the owner of premises upon which persons come by invitation express or implied to maintain such premises in a reasonably safe condition for the contemplated uses thereof and the purposes for which the invitation was extended,

But though a person may be on a particular portion of the premises by invitation, yet if he ventures upon another part thereof in spite of a warning not to do so and thereby sustains an injury, the proprietor of the premises is not liable for a failure to maintain barriers to prevent such occurrences. 21 *Am. & Eng. Ency. of Law*, 471.

The defendant's alleged negligence in order to render him liable must have naturally and proximately caused the injury complained of. Though the defendant may have been guilty of some negligence at the time of the reception of the injuries, it must be made to appear that the particular negligence in question was the proximate cause of the plaintiff's injury.

The mere fact that an injury might have been avoided by the adoption of certain precautions, does not prove that there was fault in failing to anticipate and provide against it. Nor is the fact that after the occurrence of an accident it is seen that such accident might have been easily guarded against conclusive of negligence.

If the jury should find from the evidence that the plaintiff entered upon the platform of the merry-go-round through the entrance thereto while it was closed and against the warning of the defendant, and without a ticket, he was then a trespasser and the defendant was not liable unless the jury should be satisfied that the gross negligence of the defendant from which the injury resulted was the proximate cause of the injury.

The burden is upon the plaintiff to show that the gross negligence or willful or wanton carelessness of the defendant was the proximate cause of the accident. *Tully's Adm'r v. P., W. & B. R. R. Co.*, 3 *Penn.* 466, 50 *Atl.* 95.

BOYCE, J., charging the jury:

Gentlemen of the jury:— This is an action brought by John C. Linthicum of H. by Herbert R. Linthicum, his parent and next friend, against Willard S. Truitt, to recover damages for personal injuries to the said John C. Linthicum of H., alleged to have been occasioned by the negligence of the defendant.

The declaration filed in this case contains five counts. It

is averred in each of them that the defendant was, at the time of the happening of the accident complained of, on the first day of August, A. D. 1906, in the possession of and engaged in the operation of a certain machine commonly known as a merry-go-round, located in the town of Rehoboth, in this county, and was engaged in the business of carrying passengers thereon for hire and reward. The negligence relied upon by the plaintiff is averred, briefly and substantially stated, as follows:

*First*, the defendant so negligently operated his said machine that thereby the machine caught the left foot and leg of the infant, five years and six months of age, between the revolving part of the machine and the stationary platform surrounding the same, thereby the left foot and leg of the infant were and became jammed, squeezed, mashed and pressed, and he was thereby wounded, bruised, lamed, crushed and permanently injured.

*Second*, the defendant so negligently operated the machine that the same was not brought to a stop and standstill to permit the infant to be secured upon the same, but permitted the machine to be in motion when he was in the act of entering in and upon the machine, thereby he was thrown from the machine moving, and his left foot was caused to be precipitated into an open space existing between the circumference of the floor of the revolving part of the machine and the edge of the stationary platform surrounding the same, thereby the left foot and leg of the infant were and became jammed, etc.

*Third*, the defendant so negligently geared and constructed the machine as that the revolving platform described an ellipse and not a true circle when the same was in motion so that at alternate intervals during each revolution a space through which the left foot of the infant could be precipitated was opened between the rotary and stationary platform as and when he was entering into and upon the machine from the stationary platform contiguous thereto, the left foot of him was precipitated into the open space and was caught and held between the revolving and the stationary platforms while the machine was in motion, and thereby his foot was wounded, etc.

*Fourth*, the defendant by and through his servant in charge

of the machine negligently instructed and directed the infant, being then and there a passenger, to enter upon and take a place on the machine while in motion, thereby, he the infant precipitated his left foot and leg in an open space between the revolving part of the machine and the stationary platform surrounding the same when the left foot and leg of him, the infant, became jammed, etc.

*Fifth*, the defendant negligently failed to provide a reasonably safe machine in that certain pieces were broken out of the stationary platform thereof, thereby the infant precipitated his left foot through a hole in the floor of the stationary platform, and his left foot and leg were and became jammed, etc.

The defendant denies that he or his servant, in charge of the machine at the time of the accident, was guilty of any negligence that caused the injury complained of; and, moreover, insists that if there was any negligence, it was the negligence of the infant, and not the negligence of the defendant.

[1] You have heard the contentions of the parties and the testimony of the witnesses introduced in support of their respective contentions. We shall not attempt to recapitulate the evidence. We are not permitted to comment upon it, if we would. You are the exclusive judges of the weight and value of the testimony and of the credibility of the witnesses. When you retire to your room for deliberation you will carefully consider the evidence adduced before you in connection with the law announced to you by the court, and, governed by the law and the evidence, and by that alone, come to your conclusion upon the issue of fact involved in this case, and return with your verdict accordingly.

It is admitted that the defendant owned and operated the merry-go-round upon which and at the time the accident occurred, and that he was duly licensed to operate the same.

[2] In an action of this kind it is necessary that the plaintiff should both allege and prove negligence on the part of the defendant to entitle him to a recovery. Negligence is never presumed. It must be proved, and the burden of proving it rests upon the plaintiff.

[3] Negligence has been defined to be a failure to observe,

Charge.

for the protection of the interests of another person, that degree of care, precaution and vigilance which the circumstances justly demand, whereby such other person suffers injury.

[4, 5] There is no presumption of negligence either on the part of the plaintiff or on the part of the defendant, from the mere fact that injury resulted to the plaintiff by reason of the alleged accident. Whether there was any negligence, at the time of the accident, and whose, you must determine from all the facts and circumstances of this case as disclosed to you by the testimony of the witnesses.

[6] The negligence of the servant Mooney, in charge of the machine, if any, that may have contributed to the accident would be the negligence of the defendant, his employer.

[7] It is the duty of a person owning and operating a merry-go-round to which the public is invited to ride for hire to provide for them a safe vehicle, machinery, appliances, guards and approaches for their protection against injury, and of such person the law exacts great care, diligence and skill in the management and operation of the same, and the use of wise precaution in protecting his patrons from injury.

In the merry-go-round in question, it is conceded that there were two platforms—one stationary and the other rotary. In considering the issues of fact, involved in this case, we instruct you that the stationary platform as well as the rotary platform was a part of the merry-go-round. And the law which we charge you applies alike to both of them.

[8] Where, as in this case, the testimony is conflicting, you should reconcile it if you can, but if you cannot do so, you should accept as true that part of it which you deem worthy of credit, and reject that part of it which you deem unworthy of credit, having due regard to the opportunity and intelligence of the witnesses to know that to which they have testified, to their demeanor, candor, and apparent fairness, and to their interest or bias, if any.

Your verdict should be for that party in whose favor is the preponderance or greater weight of the evidence.

[9] We are constrained to remind you again, gentlemen of

the jury, that you should decide this case from the evidence as you have heard it from the witness stand considered in connection with the charge of the court upon the law. You should not be drawn aside by the disputes or strictures of counsel from the issues of fact involved in this case.

Briefly stated the contention of the plaintiff is that the infant, on the day of, and immediately before, the accident, went to one Mooney, a servant of the defendant, in charge of the machine, and purchased tickets for himself and brother for a ride upon the machine and that the servant directed him then and there "to go and hop on" the machine, at the time in motion, and, in attempting to do as directed, he, the infant, was injured as you have had detailed before you. Mooney, the said servant of the defendant, admits that he was in charge of the machine at the time of the accident, but he denies that the infant purchased tickets from him as claimed by the plaintiff or that he directed the child "to go and hop on" the machine. But he claims that a short time before the accident the child crawled under the rope across the entrance to the machine, and seeing the child he took him outside of the rope and told him to stay outside, that he then proceeded to attend to his duties in and about the operation of the machine, when, very shortly thereafter, he heard the cry of a child and looking around saw the child with his foot caught between the rotary and permanent platforms, that the machine was stopped immediately and the child was relieved from the position in which he had been caught; that the defendant was in the exercise of due and proper care in the management of the premises and in the movement of the machine at the time of the accident and that the accident occurred through the contributory negligence of the child.

[10, 11] As to the application of the law of contributory negligence in a case like this we instruct you as follows:

While it is a rule of law that contributory negligence, on the part of the person injured, will defeat the recovery of damages for the injury, yet such rule is somewhat affected by the relative rights and duties of the plaintiff and the defendant at the time and under the circumstances of the accident, growing out of the infancy of the plaintiff or person injured. It is a well established rule

of law that the conduct of children in the matter of contributory negligence, should not be governed by the same rule that governs adults. For while it is the duty of the infant to exercise ordinary care to avoid the injuries of which he complains, ordinary care for him is that degree of care which children of the same age, of ordinary care and prudence, are accustomed to exercise under like circumstances. But this is not an inflexible rule, and is to be modified according to the maturity and capacity of the infant, his ability to understand and appreciate the danger, and his familiarity with all the surroundings and conditions in each particular case, and it is for the jury to say whether under all the circumstances the infant exercised reasonable care. *Weldon v. P., W. & B. R. R. Co.*, 2 *Penn.* 11, 43 *Atl.* 156; *Tully's Admr. v. P., W. & B. R. R. Co.*, 3 *Penn.* 455, 50 *Atl.* 95.

[12] While a particular act committed by an infant of a discerning age might clearly constitute contributory negligence, yet, if the same act should be committed by an infant of less discernment, it might not constitute contributory negligence. Nevertheless, if such infant places himself in a position of peril, although he may be unable to comprehend and appreciate the danger to which he is exposed, and should sustain injuries in consequence thereof, the person injuring him under such circumstances would not be liable therefor, if, by the exercise of due and reasonable care, he could not have observed the perilous position of the infant and prevented injury to him. *Goldstein v. Peoples Ry.*, 5 *Penn.* 306, 60 *Atl.* 975.

If you find from a preponderance of the evidence that the defendant, or his servant, failed to perform any of the duties required of him by the law as we have defined them to you, which failure proximately contributed to the injury complained of without contributory negligence on the part of the infant in the sense we have before charged you, your verdict should be for the plaintiff.

If, however, you find that the defendant and his servant have performed the duties imposed by law which we have likewise defined to you, and were, therefore, not guilty of any negligence, or being without negligence, the servant Mooney was attending

to his lawful business on and about the machine, and did not observe the danger into which the infant may have placed himself and for that reason failed to prevent the injury, your verdict should be for the defendant.

[13] If you are satisfied by a preponderance, that is, the weight of the evidence, taking into consideration all the facts and circumstances of the case that John C. Linthicum of H., the infant, was injured as the result of the accident complained of, and was caused by the negligence of the defendant, without fault on the part of the infant (therein considering his age, intelligence and familiarity with the surroundings) then your verdict should be for the plaintiff for such a sum as in your judgment from the testimony will reasonably compensate the said John C. Linthicum of H., the infant, for his injuries, including therein his pain and suffering in the past, and such as may come to him in the future, and for permanent injuries received, if any, resulting from the accident.

Verdict for defendant.