STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. WILLIAM D. SCULLY, PLAINTIFF IN ERROR.

Submitted October 14, 1932—Decided July 26, 1933.

Before Justices BODINE and DONGES.

For the plaintiff in error, *William A. Wachenfeld* and *Samuel I. Kessler*.

For the defendant in error, *Joseph L. Smith*.

PER CURIAM.

The plaintiff in error was indicted with one other designated person and several fictitious persons for conspiracy to sell certain tickets by false pretenses and by fraudulent means, to several named persons and to the public generally. He was convicted, after trial.

It appears, that the defendant Scully was engaged in promoting a dance for Newark Post No. 101, of the American Legion, and that he had some persons employed in the sale of tickets for the dance.

It was charged that defendant and others did knowingly, unlawfully, willfully and designedly represent to John Pfeiffer, and others named, that they were Captain Frank O'Neill, attached to the Newark police department, and thereby obtained various sums of money for tickets for the dance.

The testimony of the persons produced by the state was that someone called them on the telephone and introduced himself by various names. In several instances the name of "Captain O'Neill" was used; in others the name of "Captain

Mitchell" and "Sergeant Reilly" was used. In one instance, it was testified that the person calling said he was "Captain O'Neill, captain of the seventh precinct." Who the persons who made the several calls were did not appear, nor did it appear that, except in the one instance, the caller made any representation as to the identity of the "Captain O'Neill" calling. In the one instance, the testimony of the witness upon that point is not satisfactory or persuasive of such identification. The thing being sold was tickets for the legion dance. There was no charge that defendant or anyone else attempted to procure any money for any other purpose, or upon representation of any other benefit or return. In each instance, tickets for the dance were delivered with a letter from the legion post. Nor was it charged that they defrauded Captain O'Neill, of the seventh precinct, of anything or endeavored to do so.

Defendant denied that he either authorized the use of the name of Captain O'Neill, of the police department, or had knowledge of its use by any person associated with him in promoting the dance for Post 101.

From the testimony it appears that the tickets were purchased by each of the persons produced at the trial because they believed the project a worthy one.

We conclude that there was no testimony from which it appeared that the person who used the name of "Captain O'Neill of the police department" was associated with plaintiff in error or that he had any knowledge of such conduct.

The trial judge charged the jury that to convict it must appear that the persons soliciting sale of the tickets "represented themselves either impliedly or expressly as Police Captain O'Neill," and, secondly, "whether or not the defendant authorized those means." Without passing upon the legal correctness of the court's charge in this and other respects, it is enough to say that a careful reading of the testimony leaves no doubt that these things were not established by the proofs, and that the proofs do not support the verdict under the law as charged by the trial judge.

The judgment under review is reversed.