MARY J. POKOYSKI, Appellant, v. ROSALIE MCDERMOTT, a minor under the age of 21 years, by James H. McDermott, her next friend, and JAMES H. MCDERMOTT, individually, Appellees.

*(February 9, 1961.)*

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*Joseph H. Geoghegan* (of the firm of Berl, Potter and Anderson) for defendant below, appellant.

*John P. Daley* and *Robert C. O'Hora* for plaintiffs below, appellees.

Supreme Court of the State of Delaware, No. 37, 1960.

BRAMHALL, J.:

The following questions are presented by this appeal: (1) Was the question of defendant's negligence properly submitted to the jury? (2) Was the minor plaintiff guilty of contributory negligence as a matter of law? (3) Did the trial judge err in charging the jury as to the duty of defendant to give warning by sounding the horn?

The facts, viewed in the light most favorable to plaintiff, are as follows:

On July 21, 1958, defendant was operating an automobile in a northerly direction on Maryland Avenue, near Sixth Avenue, in the City of Wilmington. She made a right turn to proceed easterly on Sixth Avenue. When she was approx-

imately midway between Maryland Avenue and Anchorage Street, she struck and injured the minor plaintiff with the left front headlight of her automobile. Just prior to the accident, she had been driving from 5 to 10 miles an hour. She was intending to visit her father and mother, who lived at 23 Sixth Avenue, and was looking for a suitable place to park. At the time of the accident, she was looking straight ahead.

Sixth Avenue is a narrow one-way one-lane street for traffic proceeding in an easterly direction. At the time of the accident, there were cars parked on both sides of the street. The houses on the north side of Sixth Avenue in this block are row houses with a setback of approximately 16 feet from the curb. The block between Maryland Avenue and Anchorage Street is approximately 300 feet in length. There was an automobile parked on the north side of Sixth Avenue directly in front of 13 Sixth Avenue, and to the west and in the rear, a high panel Volkswagen station wagon was parked. Immediately prior to the accident, the minor plaintiff (hereinafter referred to as plaintiff), approximately 10½ years of age, and her sister Margaret, 13 years of age, together with two other girls, were sitting on the steps of 19 Sixth Avenue. Plaintiff suggested to her sister that they play tag, saying, "you're it". Plaintiff thereupon left the steps and started running on the sidewalk in a westerly direction towards Maryland Avenue. Margaret followed her. Plaintiff ran along the pavement the distance of the width of one and one-half houses, or approximately in front of 16 Sixth Avenue. She then cut out into the street between two cars parked on the north side of Sixth Avenue (the side where she was running on the sidewalk). Before leaving the sidewalk, she looked up Sixth Avenue in the direction of approaching cars but saw no cars coming.

At this point the testimony is in serious dispute. According to plaintiff's testimony, she ran out into the street, cut left behind the parked car and continued running in an easterly direction towards Anchorage Street, with Margaret following.

When she arrived at a point about three-quarters of the distance beyond the front of the automobile parked immediately to her left, a distance of approximately 13½ feet, she was struck from behind by the left front light of defendant's automobile and thrown to the ground. According to the testimony of an eye witness, who at the time was sitting on his front porch, plaintiff, instead of turning left, turned right and ran directly into defendant's automobile. Plaintiff said that she did not see defendant's automobile prior to the accident.

Defendant did not see plaintiff until she struck her. She immediately applied her brakes, bringing her car to a stop instantly with its front end a short distance beyond the front end of the car immediately to her left. There was a space between the front of the car parked directly to the left of defendant's vehicle and the car in front of it of sufficient length in which to park another automobile. There was also a parking space in front of either 17 or 19 Sixth Avenue. There were children living on both sides of Sixth Avenue and defendant was familiar with the neighborhood.

1. Was the question of defendant's negligence properly submitted to the jury?

Defendant contends that the denial by the trial judge of defendant's motion for a directed verdict was error. She contends that the evidence does not establish that defendant could have seen any children running on the sidewalk because of the parked cars and that she was under no duty to anticipate that a child would dart from a place of safety on the sidewalk into the path of defendant's automobile. She further states that in the absence of such evidence, she was under no duty to give a warning by sounding her horn.

We think that the trial judge, by reason of the conflict in the evidence, had no option but to submit the question of defendant's negligence to the jury. Accepting the testimony most favorable to plaintiff, as we must, this is not a case

where a minor child ran out into the street directly in the path of defendant's automobile. According to the plaintiff's testimony, she ran a distance of about 13 feet while the defendant's car was approaching her from the rear. If the defendant was travelling, as she stated, at 5 to 10 miles an hour, she could have stopped almost instantly. Hence the jury could have found from the evidence that defendant saw, or should have seen, the plaintiff after she came out into the street in sufficient time to avoid the accident. *Peoples v. Seamon*, 249 *Ala.* 284, 31 *So.* 2d 88; *Lever Bros. Co. v. Stapleton*, 313 *Ky.* 837, 233 *S. W.* 2d 1002; *De Furia v. Mooney*, 280 *Mass.* 447, 182 *N. E.* 828. See cases cited to Annotation in 30 *A. L. R.* 2d 5.

Defendant relies upon the cases of *Dietz v. Mead, Del.*, 160 *A.* 2d 372, and *Trowell v. Diamond Supply Co.*, 7 *Terry* 318, 83 *A.* 2d 691, affirmed 8 *Terry* 422, 91 *A.* 2d 797. Neither case, we think, is applicable. In both cases the Court permitted the jury to determine the question of whether or not the defendant could have stopped his car in time to have avoided the accident and also the question of whether or not defendant was guilty of negligence. The question of whether or not defendant could have seen plaintiff in time to have avoided the accident was submitted to the jury by the trial judge in each case as in this case.

2. Was the plaintiff guilty of contributory negligence as a matter of law?

Defendant concedes that the question of whether or not a child of the age of plaintiff is guilty of contributory negligence is ordinarily a question for the jury to determine. Nevertheless, defendant cites a number of cases holding that the minor plaintiff was guilty of contributory negligence as a matter of law, contending that the facts of these cases were quite similar to the facts of this case and are authority for his contention that the trial judge was in error in refusing to

hold that the plaintiff was guilty of contributory negligence as a matter of law.

While it is generally recognized that the rule of contributory negligence is modified as to children, it is, nevertheless, the duty of children to exercise that degree of care which children of the same age are accustomed to exercise under like circumstances. Courts have found it impossible to lay down a fixed and fast rule for determination in every case as to at what age and under what circumstances the child may be guilty of contributory negligence. The maturity and capacity of the child, her ability to understand and appreciate the danger, her familiarity with the surroundings, together with the circumstances under which the accident occurred, must all be taken into consideration in determining whether or not she was guilty of contributory negligence. *Igle v. People's Ry. Co.,* 5 *Boyce, Del.,* 376, 93 *A.* 666; *Travers v. Hartmann,* 5 *Boyce* 302, 92 *A.* 855; *Linthicum v. Truitt,* 2 *Boyce* 338, 80 *A.* 245; *Cecchi v. Lindsay,* 1 *Boyce* 185, 75 *A.* 376; *Diamond State Iron Co. v. Bell,* 2 *Marv.* 303, 43 *A.* 161.

The plaintiff in this case was a normal child for her age. She was intelligent. She was familiar with the neighborhood. The plaintiff testified that she was looking to the west when she was about to step past the parked car and saw no car coming; that she had traveled in the street a short distance before she was struck in the rear by defendant's car proceeding very slowly. Unquestionably, these circumstances, together with other circumstances of the accident, raise a substantial question as to whether or not she was guilty of contributory negligence. It is only where the facts are undisputed and where reasonable minds can draw but one inference therefrom that the issue of contributory negligence becomes a matter of law. No case in this State has been cited to us, and our own investigation has failed to disclose any case, where any court in this State has held a minor plaintiff of approxi-

mately the same age as the plaintiff in this case guilty of contributory negligence as a matter of law. A number have held under somewhat different circumstances that this was a matter for the jury to determine. *Igle v. People's Ry. Co., supra; Travers v. Hartmann, supra; Linthicum v. Truitt, supra; Cecchi v. Lindsay, supra; Diamond State Iron Co. v. Bell, supra.*

We think that under such circumstances it cannot be said plaintiff was guilty of contributory negligence as a matter of law but that it was a question of fact for the jury to determine.

3. The trial judge's charge that defendant was under a duty to give warning by sounding the horn.

The trial judge, after citing 21 *Del. C.* § 4181(a), to the effect that it was the duty of every driver to sound the horn when necessary in the case of a pedestrian and to exercise proper precaution upon observing a child upon the roadway, charged the jury as follows:

"Thus, a person engaged in the forward operation of a motor vehicle is charged with the duty insofar as a child on, near or adjacent to streets is concerned, to sound the horn and/or to give such child an adequate warning indicating her course of operation, if the presence of such person or pedestrian is known at the time."

Defendant objected to the charge, alleging that the evidence is uncontradicted that defendant saw no child on the sidewalk as she approached the accident area and that there was no evidence in the record to support the inference that she should have known that plaintiff was about to leave her place of safety on the sidewalk.

Defendant relies upon certain language of this Court in our opinion in *Dietz v. Mead, supra.* In that case, the minor plaintiff, who had been standing on the sidewalk, within the

view of defendant, suddenly darted out into the street directly in the path of defendant's automobile. We sustained the refusal of the trial judge to charge the jury relative to defandant's duty to give a warning of her approach with the horn on the ground that there was no evidence in that case to indicate to defendant that the minor plaintiff was about to leave her place of safety on the sidewalk.

We think that the trial judge was in error in charging the jury as to defendant's duty to sound the horn. Plaintiff was not entitled to any charge on sounding the horn since it is evident that the accident happened so quickly that a warning by sounding the horn would have been futile. The circumstances called for an immediate stop of the defendant's car, or a turn of the steering wheel to direct the car away from its path, or both, but not for a signal with the horn. Under these circumstances defendant had no opportunity to sound the horn. In addition, we think that the trial judge's charge was not a correct statement of the law as laid down in our recent opinion in the case of *Dietz v. Mead, supra*. The trial judge charged the jury that in case of a child on, near or adjacent to streets, it was the duty of defendant to sound the horn or give other adequate warning if the presence of the child was known or should obviously have been known at the time. In the *Mead* case, we said that the driver of an automobile was under no duty to sound the horn in the case of a child unless the circumstances were such as to indicate that the minor plaintiff was about to run into the street in the path of defendant's automobile. In holding that defendant was under such a duty by the mere presence of the child adjacent to the street, without any evidence that the child was about to enter the street, the trial judge was in error.

We think that the giving of this charge under the circumstances of this case was prejudicial. The evidence supporting plaintiff's contention as to what occurred was weak and was specifically contradicted by the testimony of at least

one disinterested witness, who testified that instead of turning to the left, plaintiff turned to the right and ran directly into the automobile of defendant. The jury could very well have brought in a verdict for defendant. The giving of a charge on defendant's duty to sound the horn in the light of the evidence could have easily swayed the minds of the jury sufficiently to find for plaintiff.

This case is quite different from the case of *Hickman v. Parag, Del.*, 167 A. 2d 225, in which we said, in our opinion dated February 3, 1961, that the error of the trial judge in charging the jury as to the weight to be given to the testimony of an impeaching witness was minor and not prejudicial. In that case that portion of the charge of the Court which we found to be erroneous related to a collateral issue and the real issue—the circumstances of the collision—was amply proved by testimony which was not impeached. Here, the erroneous language in the charge related directly to the question of whether or not defendant was negligent in the operation of her automobile and, as previously stated, the evidence supporting the contention of plaintiff was weak and was specifically denied by a witness called by defendant.

The judgment of the Superior Court is reversed and a new trial awarded in accordance with the language of this opinion.