MICHAEL W. AUDET, a Minor Child, by his father and next friend, Edgar J. Audet, and EDGAR J. AUDET, individually, Plaintiffs, v. KATHLEEN CONVERY, a Minor Child, and ROBERT J. CONVERY, father of Kathleen Convery, and FARMERS MUTUAL INSURANCE COMPANY OF DELAWARE, a Delaware corporation, Defendants.

*(January* 9, 1963.)

STOREY, J., sitting.

*Edmund D. Lyons* (of the firm of Morris, James, Hitchens and Williams) for the Plaintiffs.

*David Snellenburg, II* (of the firm of Killoran and Van Brunt) for the Defendants.

Superior Court for New Castle County, No. 474, Civil Action, 1962.

STOREY, Justice.

This is a motion for summary judgment filed by defendant, Kathleen Convery. The action sounds in tort and is predicated upon the loss of plaintiff's eye allegedly caused by a negligent act of defendant.

On June 29, 1961, defendant, Kathleen Convery, was six years, eleven months and three weeks old. She was playing "house" in a public park when the plaintiff, accompanied by some of his friends, interfered with the activities by sitting on a large rock where she had been playing. She asked them to move so that she could break a bottle against the rock, and even though they refused to move, she nevertheless threw the glass bottle, causing it to break and shatter. It shattered and a piece struck plaintiff, destroying his right eye.

Defendant, Kathleen, asserts and urges that she was incapable of negligence as a matter of law.

■ The Supreme Court of Delaware has already established that a minor may be guilty of contributory negligence. It has further held that a question of this type hinges on the maturity and capacity of the child, the ability and understanding to appreciate the particular dangers involved, as well as other pertinent circumstances. Thus, the question of negligence is one for determination by a jury. *Pokoyski v. McDermott*, 3 Storey 253, 167 A. 742 (1961).

I recognize that the law in this area abounds in conflicts. However, our Supreme Court has clearly defined the law with regard to contributory negligence of a minor and I fail to perceive the necessity of creating other criteria for a minor's primary negligence. They go hand in hand.

This Court recognizes that some jurisdictions follow the rule that a minor, below the age of seven years, cannot be guilty of actionable negligence as a matter of law. I cannot, however, adopt such a rule. On the other hand, there is merit to the theory that a rebuttable presumption exists that a minor below the age of seven years cannot be guilty of actionable negligence. *Bush v. New Jersey & N. Y. Transit Co.*, 30 N. J. 345, 153 A. 2d 28, 77 A. L. R. 2d 908 (1959).

I do not consider this position to conflict with *Pokoyski, supra*, since that rule relates to minors in general. Because the minor involved in *Pokoyski* was ten years of age, it was unnecessary for the Supreme Court to express itself on any refinements to the general rule stated therein.

■ I, therefore, hold that a minor below the age of seven years can be guilty of actionable negligence. However, the plaintiff must overcome the presumption that such minors are as a general rule incapable of negligence. It thus follows that such matters are within the province of the jury and I so hold.

I assume, however, there is some age under seven at which age it could and would be said as a matter of law that such a minor could not be guilty of either primary or contributory negligence.

For the reasons assigned, the motion of the defendant, Kathleen Convery, for summary judgment, is denied.

On presentation, Order will be entered accordingly.