Harry T. BEGGS, Jr. and Dorothy A. Beggs, individually, and Lawrence G. Beggs, minor, by his next friend, Dorothy A. Beggs, Plaintiffs Below, Appellants,

v.

Ellsworth WILSON, Defendant Below, Appellee.

Supreme Court of Delaware.

Dec. 15, 1970.

Ben T. Castle and Sheldon A. Weinstein, of Young, Conaway, Stargatt & Taylor, Wilmington, for appellants.

714

Rodman Ward, Jr., of Prickett, Ward, Burt & Sanders, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal from a verdict for defendant in Superior Court.

Plaintiff, a 4½-year-old minor, entered the street in front of his home and was struck by an automobile driven by defendant. The defense was twofold; that plaintiff's contributory negligence barred recovery and that the accident was unavoidable.

Defendant contends, in arguing for an affirmance, that plaintiff was contributorily negligent in that he failed to keep a proper lookout before entering the street, and by his violation of two statutes laying down standards of care for pedestrians.*

The trial judge instructed the jury as to the contributory negligence of the minor plaintiff in part as follows:

"As a general rule the care and caution of a child the age of four years is that degree of care which children of the same age would be expected to exercise in similar acts. The care required of a child is to be ascertained by his maturity and capacity and the particular circumstances of the case, and the determination of this question is for the jury to decide.

*   *   *   *   *   *

"Now, if you find by a preponderance of the evidence that the minor plaintiff violated either his duty of lookout, or either of the statutes which he is charged in a way proximately causing the accident, then the minor plaintiff would be

guilty of contributory negligence, and he cannot recover."

Plaintiff first contends that the lower court erred in instructing on contributory negligence at all since a 4½-year-old child is conclusively presumed incapable of negligent conduct. Obviously, there is some age level below which there is a conclusive presumption that the child is incapable of negligent conduct. However, we are not prepared to say that 4½ years is such a level. We are aware that many jurisdictions have selected the age of seven years as the level under which a child is conclusively presumed incapable of negligence, but we think this is unrealistic. There is no significance to the attainment of the age of seven years other than its historical significance in criminal law. 2 Harper & James, The Law of Torts, § 16.8. A child's perception and judgment develop gradually throughout his youth. Just as there is no particular age level at which this development process is noticeably altered, there is no particular rate at which the process is completed. In growing up, each child is physically unique, and the law should recognize this uniqueness.

Typically, a child of plaintiff's age does not possess sufficient maturity to be civilly responsible for his actions. We think the rule laid down by the Superior Court in Audet v. Convery, 5 Storey 333, 187 A.2d 412 (Del.Super.1963) is proper and approve it. There is a rebuttable presumption that a 4½-year-old child lacks the capacity for contributory negligence. The defendant has the burden of overcoming that presumption. It is not easily rebutted. For instance, the facts here, showing plaintiff to be a typical child, serve only to buttress the presumption. In order to submit to the jury the question of contributory negligence, defendant must intro-

* 21 Del.C. § 4142(b) reads:
"No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield."

21 Del.C. § 4143(a) reads:
"Every pedestrian crossing a roadway at any point other than within a marked cross walk or within an unmarked cross walk at an intersection shall yield the right of way to all vehicles upon the roadway."

duce sufficient evidence from which the jury could conclude that the child possessed perceptive abilities, development and judgment far greater than most children his age.

■ If the presumption is rebutted, then the child's conduct is to be judged against the standard of a child with similar development. See Baldwin v. Hosley, 328 S.W. 2d 426 (Ky.1959); 37 Yale L.J. 618, 622 (1927).

Plaintiff also argues that the lower court erred in instructing that a violation of the cited statutes by the child would constitute contributory negligence *per se*. Plaintiff argues that it is unfair to hold a child to the standard of care laid down by a statute which he cannot read and understand. This, however, is not the test. Adults are required to face the consequences of statutes which they possibly cannot read nor understand, or of which they are ignorant. Courts have long realized that an orderly society depends on the law's standards applying to all people, irrespective of actual knowledge.

■ Nevertheless, we agree that the violation of a statute by a 4½-year-old child is not negligence *per se*. A statute merely codifies the standard of care for a particular circumstance. Therefore, the above-mentioned presumption against common law negligence applies with equal force when a child violates a statutory duty. Once the presumption is rebutted, a violation of the standard statutorily imposed will constitute contributory negligence only if the jury believes that it evidences less care than that which ordinarily could be expected of a child having the same development and training.

■ Defendant contends that since the jury asked the court below whether it could find the accident unavoidable, the verdict was based on this finding. Of this, we cannot be certain.

The judgment below is reversed and the cause remanded for a new trial.