ANGELLO CECCHI, by RAFAELO CECCHI, his next friend, *vs.* NANCY E. LINDSAY and JOSEPH HORACE LINDSAY, her husband.

*Personal Injuries—Automobile—Infant six years of age—Intersection of Streets—Excessive Speed—Failure to Warn of Approach—Reasonable Care—Degree of Care—Negligence—Application for License—Failure to Procure License —Contributory Negligence—Care Required of Children—Conflicting Testimony—Damages.*

1.   A public street or highway is open to the reasonable, common and equal use of all persons, on foot or in vehicles.

2.   The owner of an automobile has the same right to the use of a public highway as owners of other vehicles have, but, like them, he must exercise reasonable care in the use of the highway for the safety of others.

3.   All persons using a public highway, whether on foot, or in vehicles, are bound to the exercise of reasonable care to prevent accidents.

4. A person driving an automobile, or other vehicle upon a public highway, is required to do so in a reasonable, careful manner, and at a rate of speed reasonable under the circumstances, and to slow down or stop, if need be, when danger is imminent.

5. In the use of the streets greater care and caution is required at public crossings and in the more thronged streets of a city than in the open or suburban parts.

6. A person in the management of an automobile and the traveler on foot are each required in the use of a public street to exercise such reasonable care as the circumstances require, the degree of care being increased where there is an increase of danger.

7. The driver of an automobile and the traveler on foot are each bound, in the use of a public street to the reasonable use of their senses to prevent accidents.

8. The greater the liability is, in the use of a motor vehicle or machine upon a public street, to do injury to others thereon, the greater will be the degree of care required in the use of such vehicle or machine.

9. Negligence is defined to be the want of ordinary care, such care as a reasonably prudent and careful person would exercise under similar circumstances.

10. The mere application for a license, or the making of the required affidavit therefor is not sufficient to meet the requirement of the statute which provides, "No person * * * shall operate a motor vehicle * * * upon the public streets * * * unless he has first obtained from the Secretary of State a license." The operating of a motor vehicle upon the public streets without a license as required by the statute is negligence *per se*.

12. Though the operator of a motor machine was guilty of negligence, if the plaintiff was negligent, at the time of the accident, and if his negligence contributed to and was the proximate cause of his injuries, he cannot recover.

13. The plaintiff is entitled to recover if the negligence of the defendant alone was the proximate cause of the injuries.

14. Contributory negligence will not be imputed, if a person, in the exigency of the moment, suddenly and without time or opportunity for reflection, in the effort to avoid immediate danger, puts himself in the way of other peril without fault on his part.

15. A person injured who walks or runs into a danger that the observance of due care would have enabled him to avoid and is thereby injured, is guilty of contributory negligence.

16. Children are not held to the same rules which govern adults. Ordinary care for them is that degree of care which children of the same age of ordinary care and prudence are accustomed to exercise under like circumstances.

17. The rule as to conflicting evidence defined.

18. The measure of damages is such a sum as will compensate the plaintiff for his pain and suffering in the past, and for such as may come to him in the future as the result of the accident.

Del. Statute; 25 Del. Laws 215, Chap. 120, Sec. 4.

(*February* 10, 1910.)

PENNEWILL, C. J., and HASTINGS, J., sitting.

*Leonard E. Wales* for plaintiff.

*James Saulsbury* for defendant.

Superior Court, New Castle County, January Term, 1910.

ACTION ON THE CASE (No. 74, September Term, 1909), to recover damages for personal injuries alleged to have been sustained by the plaintiff, through the negligent operation of an automobile by the defendant Nancy E. Lindsay, on March 24th, 1909, at Sixth and Tatnall Streets, in Wilmington.

HASTINGS, J., charging the jury:

Gentlemen of the jury:—This action is brought by the plaintiff Angello Cecchi, an infant, by his next friend Rafaelo Cecchi, against the defendants Nancy E. Lindsay and Joseph Horace Lindsay, her husband, to recover damages for personal injuries which he alleges he sustained by reason of being run into, knocked down and run over by an automobile driven and operated by Nancy E. Lindsay, one of the said defendants, on the twenty-fourth day of March, A. D. 1909, on one of the public streets of the City of Wilmington.

The plaintiff, a child about six years of age, by his next friend, contends that the said automobile was being run and operated along Tatnall Street in a northerly direction and that it turned at Sixth Street and proceeded in a westerly direction; that at the intersection of these two streets it was being run and operated, (1) in a negligent and careless man-

ner; (2) at an unreasonable, dangerous and excessive rate of speed; (3) that no suitable, proper and timely warning of its approach was given; (4) that the driver thereof had no proper license as an operator of an automobile, and was at that time unskillful and incompetent to operate the same; and (5) that the driver did not use due diligence in stopping the automobile after discovering the presence of the plaintiff.

The plaintiff further contends that as a result of the negligent and careless manner in which the automobile was operated, he was struck by the same, knocked down, and that one of its wheels passed over him breaking his clavicle or collar bone and otherwise bruising and injuring him.

The defendants contend that they are not liable in this action because the said accident was not caused by any negligence on the part of the person operating the automobile, but on the contrary the operator used all necessary and reasonable care to avoid the accident of which the plaintiff complains; and they insist that the injury was caused by the carelessness of the plaintiff in running in front of the machine at a time when it was too late for the driver to either stop the machine or change its course.

It is not denied that Sixth Street, upon which the accident in question occurred, is a public highway. A public highway, this Court has declared, is open in all its length and breadth to the reasonable, common and equal use of the people, on foot or in vehicles. The owner of an automobile has the same right as the owner of other vehicles to use the highway, and like them he must exercise reasonable care and caution for the safety of others.

A traveler on foot has the same right to the use of the public highway as an automobile or any other vehicle. In using such highway all persons are bound to the exercise of reasonable care to prevent accidents. Such care must be in proportion to the danger in each case. It is the duty of a person operating an automobile, or any other vehicle upon the public highway, to use reasonable care in its operation, to move it at a rate of speed reasonable under the circumstances, and cause it to slow up or stop if need be, when danger is imminent.

Greater caution is required at street crossings and in the more thronged streets of a city than in the ess obstructed streets in the open or suburban parts. There is a like duty of exercising reasonable care on the part of the person traveling on foot..

The person having the management of the automobile and the traveler on foot are both required to use such reasonable care, circumspection, prudence and discretion as the circumstances require; an increase of care being required where there is an increase of danger. And both are bound to the reasonable use of all their senses for the prevention of accident, and the exercise of all such reasonable caution as ordinarily careful and prudent persons would exercise under like circumstances. The more dangerous the character of the vehicle or machine, and the greater its liability to do injury to others, the greater the degree of care and caution required in its use and operation. And a. person traveling by foot on a public street is required to use reasonable care to avoid collision with a vehicle, and if he saw the vehicle before it struck him, or by the reasonable use of his. senses could have seen it in time to avoid the injury, it is his duty to do so.

This action is based on negligence, which has been defined to be the want of ordinary care, that is, the want of such care as a reasonably prudent and careful person would exercise under similar circumstances. With respect to the matter of negligence we may say to you that certain things are, or amount to, negligence in law, whether any active or positive negligence be proved or not. By the laws of this State it is provided that "No person * * * shall operate a motor vehicle * * * upon the public streets, roads, turnpikes, or highways of this State unless he has first obtained from the Secretary of State a license." (*Sec.* 4 *Chap.* 120 *Vol.* 25, *Laws of Del.* 215. ) The violation of this law is negligence *per se*, that is, an act of negligence itself, and renders the wrong-doer liable for an injury resulting from such misconduct.

The defendants admit that the operator of the machine did not have in her possession, at the time of the accident, the license

required, but insists that she had on the morning of the accident, and prior thereto, made the required affidavit to procure such a license, and had therefore complied with the law. We say to you, however, that the mere application for a license, or the making of the required affidavit would not meet the requirements of the statute.

The chief question, therefore, to be determined by you in this case is whether the plaintiff was negligent and whether such negligence, if any, contributed to and entered into the accident at the time the injuries were received, for if it did he cannot recover, even though the operator of the machine was guilty of negligence, because the plaintiff himself would be guilty of contributory negligence. The plaintiff, however, would be entitled to recover notwithstanding there had been some negligence on his part if it was the negligence of the defendants alone that was the proximate or immediate cause of the accident. In other words, if, notwithstanding any previous negligence of the plaintiff, the operator of the machine could have prevented the accident by the use of ordinary and reasonable care the want of such care makes the defendants liable. And while a plaintiff will not be held guilty of contributory negligence who in the effort to avoid immediate danger, in the exigency of the moment, suddenly and without time or opportunity for reflection, puts himself in the way of other perils without fault on his part, and particularly so if the defendants have placed him in such position; yet if the plaintiff walked or ran into a danger that the observance of due care would have enabled him to avoid and is thereby injured, he would be guilty of contributory negligence.

In determining whether or not the plaintiff was guilty of contributory negligence we say to you that the conduct of children should not be judged by the same rules which govern that of adults; and while it is their duty to exercise ordinary care to avoid the injuries of which they complain, ordinary care for them is that degree of care which children of the same age, of ordinary care and prudence, are accustomed to exercise under like circum-

Verdict.

stances.    It is for you to say whether under all the circumstances this infant plaintiff exercised reasonable care.

When the testimony is conflicting, the jury should endeavor to reconcile it so that the whole may be harmonious.    If this cannot be done, then it becomes the duty of the jury to estimate and weigh in their minds the value of the testimony on the respective sides, and give their verdict to that side upon which the testimony is of the greatest weight or preponderance and most worthy of credit.    In estimating such weight the jury are to consider the witnesses' means of knowledge of the facts about which they speak, their intelligence, apparent truthfulness and fairness, and any other facts or circumstances shown by the evidence with respect to the witnesses that show the reliability of their statements.

Now, gentlemen, if you believe from the evidence that the injuries to the plaintiff were caused by the negligent running and operation of the machine by Nancy E. Lindsay, one of the defendants, and that the plaintiff was free from any negligence that contributed to the accident, your verdict should be in favor of the plaintiff.    Or if you believe that the said defendant was operating the machine without a license from the Secretary of State, this would amount in law to negligence, and if the plaintiff was free from any negligence that contributed to the accident, your verdict should be in favor of the plaintiff; otherwise you should find for the defendant.

And we further say to you that if you believe that there was any negligence on the part of this plaintiff, operating at the time of the accident which contributed to the injuries he received, your verdict should be in favor of the defendant,

If you find for the plaintiff your verdict should be for such a sum only as will reasonably compensate him for his pain and suffering in the past, and such as may come to him in the future, resulting from the accident.

                    Verdict  for  plaintiff  for  $270.