## JOSIAH H. WALLS vs. CHARLES C. WINDSOR.

1. NEGLIGENCE—PRESUMPTIONS—RES IPSA LOQUITUR.

The fact of an accident, by which an injury is sustained, does not, in itself, if not within the control of the person charged with causing the accident, establish his negligence.

2. MUNICIPAL CORPORATIONS—STREETS—ACTIONS—RECOVERY.

Where plaintiff's horse took fright, reared, and fell upon a hitching post, defendant, though his automobile frightened the horse, is not liable, unless he was guilty of negligence.

3. NEGLIGENCE—PRESUMPTIONS.

"Negligence", which is the failure to use such care as a reasonably prudent person would exercise under similar circumstances, is not presumed, and must be proven by the party alleging it.

4. MUNICIPAL CORPORATIONS—STREETS—RIGHTS UPON.

Both a motorist and the owner of horses are entitled to use streets, each being required to use them in a careful manner for the safety of the other.

5. MUNICIPAL CORPORATIONS—STREETS—ACCIDENTS—NEGLIGENCE.

For a motorist to drive close to a horse on the side of a public street does not of itself show negligence.

6. MUNICIPAL CORPORATIONS—STREETS—NEGLIGENCE.

*Rev. Code* 1915, § 243, provides that, upon approaching any horse or other draft animals being led, ridden, or driven, a motorist shall give reasonable warning and use every precaution to avoid frightening such animals, bringing his car to a stop, if necessary. Plaintiff's horse, which was near a hitching post, on taking fright at defendant's car, reared and fell, receiving mortal injuries. *Held* that, defendant was not negligent, if he did not, or could not in the exercise of due care, know that his machine was causing fright to the horse, or if the horse did not become frightened until after the machine had passed; but the machine should have been stopped, if necessary, to prevent the frightening of the horse.

7. TRIAL—JURY—JURY QUESTION.

The jury is the exclusive judge of the weight and value of the testimony.

8. EVIDENCE—RECONCILING CONFLICTS.

When conflicting, the jury should, if possible, reconcile the testimony

9. EVIDENCE—WEIGHT AND CREDIBILITY.

In case of irreconcilable conflict, the jury should give credit to the testimony of those witnesses who appear most entitled to belief, taking into consideration their opportunities for knowing as well as their apparent fairness and interest.

10. EVIDENCE—PREPONDERANCE OF TESTIMONY.

Verdict should be for the party in whose favor is the preponderance of the evidence.

(*January* 27, 1915.)

Judges BOYCE and RICE sitting.

*Robert C. White* and *James M. Tunnell* for plaintiff.

*Daniel J. Layton, Jr.,* for defendant.

Superior Court, Sussex County, adjourned October Term, 1914.

ACTION ON THE CASE (No. 37, February Term, 1914) by Josiah H. Walls against Charles C. Windsor, to recover damages for the loss of his horse, alleged to have been occasioned by the negligence of the defendant in so driving his automobile on a public street, in the Town of Lincoln, that the horse became frightened and reared and fell upon a hitching post, causing its death two days thereafter. The owner of the horse was standing at its head near the post opposite a store where he had stopped with halter in hand when the accident occurred.

The defendant insisted that if he passed the horse with his machine on the day of the accident, he did not observe the plaintiff or his horse.

Testimony was introduced for the plaintiff that the defendant did drive past the horse at or about the time of the accident.

Testimony was introduced on behalf of the defendant to the effect that the horse had habits of rearing and falling.

BOYCE, J., charging the jury:

Gentlemen of the jury:—This is an action brought by Josiah H. Walls against Charles C. Windsor to recover damages for the loss of his horse, alleged to have been occasioned by the negligence of the defendant.

The plaintiff relies upon the second count in his declaration

by which he charges, in substance, that on the sixth day of July, A. D. 1911, at the Town of Lincoln, this county, the defendant, while operating and driving his automobile over and along a certain street or public highway in said town, approached the plaintiff, who was then and there driving his horse over and along said street or highway, and that when the defendant saw the horse appeared to be unmanageable, because of fright at the approach of the automobile, the defendant negligently and carelessly omitted and refused to bring his automobile to a stop, although signaled by the plaintiff to do so, and that, by reason thereof, the horse became frightened and reared and fell down upon a post, standing and fastened in the ground, and the post wounded, pierced and lacerated the body of the horse, and that two days thereafter the horse died in consequence thereof.

The defendant denies that he saw the horse at the time and place alleged, or that the injuries complained of were occasioned by any negligence whatever on his part.

[1-6] It is provided by an act of assembly of this state that:

"Upon approaching any person walking upon the public highways, or a horse, horses, or other draft animals being led, ridden or driven, the operator of the motor vehicle shall give reasonable warning of his approach and use every precaution to avoid injuring such persons or frightening such animals, bringing his motor vehicle to a stop, should such animals appear to be unmanageable, stopping his engine, if the occasion require it, until such animals have had sufficient time to pass. * * * " *Section* 243, *Revised Code of* 1915.

The fact of an accident by which an injury is sustained does not, in itself, if not within the control of the person charged with causing the accident, establish the fact that the injury was caused by negligence. And there can be no recovery in this case unless the injury complained of was occasioned by the negligence of the defendant. Negligence is never presumed, but must be proved, and the burden of proving negligence as alleged, rests upon the plaintiff.

Negligence is defined to be the failure to use such care as a reasonably prudent and careful person would exercise under similar circumstances.

The plaintiff and the defendant had each the right to use the

street upon which the accident is alleged to have occurred, for the purposes for which they were using it at the time of the accident, each being required to use the same in a reasonable and careful manner for the safety of the other. *Cecchi v. Lindsay*, 1 *Boyce*, 187, 75 *Atl.* 376.

Driving close to a horse upon a public highway is not of itself evidence of negligence, the driver being otherwise in the exercise of due and reasonable care.

If you find that at the time of the accident, the defendant was driving his automobile in a careful and cautious manner, within the limits of the speed law, and did not know, or, in the exercise of due care, could not have known, that his automobile was causing fright to the horse of the plaintiff; or if you find that the horse of the plaintiff did not become frightened, if frightened by the automobile of the defendant, until after the automobile had passed the horse, the plaintiff cannot recover.

If you find that the defendant as he approached the horse in his automobile saw, or by the exercise of his sense of sight, might have seen that the horse appeared to be unmanageable, it was his duty if the occasion required it, to stop.

[7-9] You are the exclusive judges of the weight and value of the testimony. Where the testimony is conflicting, you should reconcile it, if you can. If you cannot, you should give credit to the testimony of those witnesses who, under all the circumstances, appear to you to be most entitled to credit, taking into consideration the opportunities and advantages of each for seeing, observing and knowing the things of which they testified, as well as the apparent fairness, intelligence, and any other element which may fairly test the truthfulness and accuracy of each.

[10] Your verdict should be for that party in whose favor is the preponderance or greater weight of the evidence.

If you find for the plaintiff, your verdict should be for such a sum as will under the evidence reasonably compensate him for the value of his horse, at the time of the accident.

If you find for the defendant, your verdict should be accordingly.

　　　　　　　　　　　　Verdict for defendant.