(76 South. 911)

WOODWARD IRON CO. v. COLLINS.

(6 Div. 634.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. EVIDENCE ⊕⟝171—LETTERS—ADMISSION OF COPIES.

A copy of a letter merely incidental or collateral to an issue was properly admitted in evidence.

2. TRIAL ⊕⟝260(6)—INSTRUCTIONS—REFUSAL —COVERED BY OTHER INSTRUCTIONS.

A requested charge that plaintiff could not recover for loss of time due to injuries from an assault, was sufficiently covered by a charge as to the specific elements of damages which omitted such matter, under Acts 1915, p. 815, providing that there be no reversal where requested charge is covered by charge as given.

Appeal from City Court of Bessemer; J. C. B. Gwin, Judge.

Action for damages for assault and battery by John Collins against the Woodward Iron Company. Judgment for plaintiff, and defendant appealed. Transferred from the

Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The complaint alleges that J. C. Duffie, who was defendant's roadmaster in Jefferson county, and while acting within the line and scope of his employment as said roadmaster, committed an assault and battery wrongfully upon plaintiff. During the examination of plaintiff he referred to a letter that he had written Mr. Duffie, stating that he did not have the original, but had a copy of it, and the copy shown him was a copy of the letter which he himself had copied from the original letter before sending it to Duffie. The copy was offered and admitted over the objection of defendant. The court refused the following charge to defendant:

Plaintiff in this case cannot recover for any lost time caused as a result of his injuries.

V. J. Nesbit, of Birmingham, for appellant. Goodwyn & Ross, of Bessemer, for appellee.

ANDERSON, C. J. [1] The letter from the plaintiff to Duffie was merely incidental or collateral to the real issue in the case and there was no error in permitting proof of same by the copy instead of the original. Moreover, there was no serious conflict in the evidence as to the contents of same or a denial of the receipt of same. M., J. & K. C. R. R. v. Hawkins, 163 Ala. 582, 51 South. 37; Costello v. State, 130 Ala. 143, 30 South. 376; Cobb v. State, 100 Ala. 19, 14 South. 362.

[2] The trial court will not be reversed for refusing the defendant's requested charge which we designate A. Whether good or not it was, in effect, covered by the oral charge of the court. The oral charge instructed the jury specifically as to the elements of damages that could be awarded the plaintiff in case of recovery, and omitted damages resulting from lost time; thus, in effect, excluding the same. Acts 1915, p. 815.

The judgment of the city court is affirmed. Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.