147 So. 386
### S. H. KRESS & CO. et al. v. BARRATT.
### 6 Div. 210.

Supreme Court of Alabama.
March 9, 1933.

Rehearing Denied April 20, 1933.

458

Taylor & Higgins and Chas. W. Greer, all of Birmingham, for appellee.

Stokely, Scrivner, Dominick & Smith and London, Yancey & Brower, all of Birmingham, for appellants.

GARDNER, Justice.

Plaintiff was a pedestrian upon the sidewalk, and her evidence tends to show a blow on her head from the overhanging awning as she was about to enter the store of defendant. The defendant company owned, constructed, and maintained this awning, having, of course, its management and control. The accident is such as in the ordinary course of events does not happen if those who have the management use proper care, and the facts and circumstances disclosed by the record create presumptive evidence of negligence, and give rise, therefore, to the

application of the doctrine of res ipsa loquitur. Cooper v. Agee, 222 Ala. 334, 132 So. 173; Lawson v. Mobile Electric Co., 204 Ala. 318, 85 So. 257; 45 A. L. R. 810, note; 45 Corpus Juris, 1193.

■ But this is a rebuttable presumption, and in Lawson v. Mobile Electric Co., supra, it was held that undisputed proof of due care on defendant's part overcomes such presumption, and entitles defendant to the affirmative charge, in the absence of proof by plaintiff of other specific acts of negligence.

■ As to the cause of the accident, defendant offered no direct proof, but relied largely upon plaintiff's statement (denied by her) that some boys had jumped on the awning and pulled it down, and proof as to the safe condition of the awning at the time, its inspection on that day, or any previous inspection was most meager. We are persuaded, therefore, that the matter of explanation and due care was not such as to justify the holding that the presumption of negligence had been overcome as a matter of law, and our conclusion is that, regardless of the testimony of plaintiff's husband, C. B. Barratt, presently to be considered, a jury case was presented, and no error intervened in the refusal of the affirmative charge, requested by defendant.

■■ But plaintiff, in the effort to show specific acts of negligence, was permitted to show by the testimony of C. B. Barratt that two days after the accident he examined the awning at the east end, the point at which he understood his wife entered the store. His testimony was to the effect he found the arm attached to the wall (and to which the awning was then fastened) was rusty and "the bolts out." The defendant's objections included the one that the condition had not been shown to have remained unchanged from the time of the accident. At this stage of the trial there had been no evidence of the condition of the awning at any time, but prima facie incompetency of evidence at the time of its admission because of failure to prove some fact necessary to its competency may be removed by the subsequent examination of the witness touching the fact in question (Southern Rwy. Co. v. Lefan, 195 Ala. 295, 70 So. 249), and in harmony with this rule—in reviewing this ruling—the testimony of the witness Barratt on cross-examination is proper to be considered in connection with all the evidence in the case. It is well established in this jurisdiction that evidence of the character presented by this ruling is competent only upon its first being made to appear that the conditions were substantially the same on the two occasions. Southern Rwy. Co. v. Lefan, supra; Jefferson v. Republic Iron & Steel Co., 208 Ala. 143, 93 So. 890; Davis v. Alexander City, 137 Ala. 209, 33 So. 863; Mayor, etc., Birmingham v. Starr, 112 Ala. 98; 20 So. 424, 425; Woodward Iron Co. v. Cooper, 202 Ala. 420, 80 So. 804; Birmingham Union Rwy. Co. v. Alexander, 93 Ala. 133, 9 So. 525; Jackson Lumber Co. v. Cunningham, Adm'x, 141 Ala. 206, 37 So. 445; Foley v. Pioneer Mining & M'f'g Co., 144 Ala. 178, 40 So. 273; Lewy, Art Co. v. Agricola, 169 Ala. 60, 53 So. 145; Bradley v. Deaton, 208 Ala. 582, 94 So. 767.

■ As the competency of this proof is dependent upon the establishment of the preliminary fact of an unchanged condition, the burden to so prove rests, of course, upon the party offering the evidence. But this preliminary fact of similarity of conditions need not be established by direct proof. The two occasions may be so near together in point of time as to afford a presumption of similarity, or the facts and circumstances may be such as inherently to disclose a continuing condition.

■ If, as above indicated, proof subsequent to the ruling is to be considered to remove the incompetency of the admitted testimony, it should be considered in connection with all the facts and circumstances in the case. So considered, it appears, without dispute, that all the metal parts of the awning, including the braces on the wall, were of bronze and rust proof; that on the same day of the accident, Saturday, October 11th, the Awning & Tent Works Company repaired the awning, working late in the night, and iron or metal crosspieces were put horizontally across all the braces, and that in the first column (the one Barratt referred to) a hole was left in the crosspiece without any bolt; that these cross braces were not a part of the original construction, and were put there by the repair crew.

■ It appears also from the defendant's proof that immediately following the accident an examination disclosed nothing wrong with this first column, but that on the second column the top of the brace was out five or six inches, and the top bolt with the expansion shield pulled out, with some of the terra cotta, thus letting the metal pole sag. While the witness testified "the bolts were out," as we interpret his testimony, the statement was qualified when he said "as near as I remember there was one out against the wall, the main brace," and later, "I said there was one bolt out and is yet, and that is at the top of that cross piece." The important portion of the testimony of this witness on cross-examination appears in the report of the case. A careful analysis will disclose uncertainty both as to the metal part to which he referred and to the bolts he states he saw out, and, if full value is to be placed on the plural "bolts," as used in a part of the examination, we are impressed the proper interpretation would be that he saw one bolt out on

the brace against the wall, and one out on the crosspiece. The witness testified to no fact indicating this brace had been misplaced. He noticed some rust in two places, but this alone, and without more, would not suffice to show its strength had been weakened, nor does his testimony disclose any weakened condition. One of the screws was taken out by defendant's witness, and was exhibited together with a shield of the kind used in this construction and purchased in the market, and forwarded to this court for inspection. The proof is that, while the bolts or screws may thus be removed, the expansion shields cannot be without removing some of the terra cotta or brick construction with it.

There is no testimony indicating anything wrong with the column referred to by the witness Barratt, either before or immediately following the accident. There is nothing, therefore, inherent in the facts and circumstances relating to the accident indicating the condition as testified to by the witness was of a continuing character, nor are the two occasions so near in point of time as to justify such a presumption.

Counsel for plaintiff, with commendable candor, concede that the case of Jefferson v. Republic Iron & Steel Co., supra, tends to sustain this view, and we think it clear that to rule otherwise in the instant case would require a qualification of that authority. But the Jefferson Case, supra, only followed the rule here long established, and we are unwilling to disturb the ruling there made. Nor does it conflict with our other cases.

Plaintiff places reliance upon Lewy Art Co. v. Agricola, supra, but there are important differentiating features. There the negligence charged rested upon the decayed or rotten condition of a wooden pole, with proof showing that it would take two years for the pole to have gotten in that condition. The "wood was rotted around the hole in such a way as to release the iron rod." Under these facts the court stated that it was reasonably certain—if not absolutely true—that the decayed condition of the awning was the same two days after the accident as it was when the accident occurred. It therefore appears that in the Lewy Art Company Case, supra, the inherent nature of the proof made it reasonably certain that the decayed condition of the wooden pole continued for the two days to the time of the examination. No such situation here appears. Uncertainty here exists, not only as to any continuing condition, but as to what in fact was the condition referred to by the witness. Furthermore, the proof shows a repair of the awning Saturday night. The crosspieces were placed there at that time, but what more or other changes may have been made, or what screws or bolts removed, do not appear. And it is uncertain that the conditions referred to by the witness bore any appreciable relation to the accident.

We are persuaded plaintiff has failed to meet the burden resting upon her to establish the competency of this proof. To hold otherwise would, in our opinion, be an unwarranted relaxation of the rule here well established, referred to in Bradley v. Deaton, supra, as a "familiar rule," and run counter to numerous decisions of this court.

The Jefferson Case, supra, is much in point. It does not conflict with our other authorities, but is in harmony with them. We conclude, therefore, the court committed in this ruling error to reverse.

The witness Owens, while shown to be entirely competent otherwise, yet was not shown to have had any familiarity with the condition of the building, its walls, or the awning at the time or any reasonable time prior thereto. We find no reversible error in the rulings as to his testimony.

We are of the opinion the questions to the witness Griner hypothesized facts not shown by the proof, and the court's ruling on objection to his testimony may be justified upon that ground.

It is not controverted that charge 47, requested by defendant, was proper. It should have been given, and the only question for determination is whether or not the substance of the charge was embraced in other given charges, and the oral charge of the court. Defendant insists it was not so covered, citing Louisville & Nashville R. R. Co. v. Fletcher, 194 Ala. 257, 69 So. 634.

The court gave for defendant charge 45, to the effect that the jury was not authorized to find that the varicose veins were caused as a proximate result of the accident. There is some confusion in the oral charge, but we think, construed as a whole, that the jury well understood recovery could only be had for injuries that were the proximate result of the accident. So considered, in connection with given charge 45, our conclusion is that the error does not suffice for a reversal of the cause. Woodward Iron Co. v. Collins, 200 Ala. 553, 76 So. 911; Louisville & Nashville R. R. Co. v. Clark, 205 Ala. 152, 87 So. 676, 14 A. L. R. 695.

Other questions will doubtless not arise on another trial, and need not be considered.

For the error indicated, let the judgment be reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.