156 So.2d 626

Nellie MALONE et al.

v.

Cynthia HANNA, pro ami.

5 Div. 758.

Supreme Court of Alabama.

Sept. 26, 1963.

Wilbanks & Wilbanks, Alexander City, for appellants.

Teel & Teel, Rockford, for appellee.

PER CURIAM.

The Circuit Court of Coosa County rendered judgment in favor of the plaintiff and against defendants in the sum of $4,000.00. The appeal here is to review this judgment on errors assigned.

This case was tried on Count B of the complaint which charged Mrs. Malone, acting as agent, servant or employee of Jack Malone, with negligence in the operation of an automobile which she was driving, whereby and as a proximate result of negligence in so driving the vehicle, it collided at an intersection with an automobile in which plaintiff was riding with her mother and paternal grandfather.

It is alleged in the complaint that from the impact of the two cars plaintiff sustained cuts, lacerations and bruises on her body, and also about her face and head, some of which were permanent.

Appellants strenuously insist on this appeal that the trial court erred in refusing for defendant Jack Malone a directed verdict. This point was also raised in the motion for a new trial and is assigned as error through this medium.

It appears from the evidence that appellant Jack Malone was riding in the offending automobile at the time being driven by his wife, Nellie Malone, who is alleged in the complaint to have been his servant, agent or employee.

The plaintiff, in seeking to establish this principal and agency relationship, relied upon the testimony of highway patrolman Foster. He was introduced as a witness for plaintiff. On direct examination, plaintiff propounded to this witness a question as follows:

"Q. I will ask you to state whether or not you had any conversation with Jack Malone?"

In response to this question the witness answered:

"A. I believe I probably talked to him, but I don't remember exactly what was said."

In the record before us also appears a colloquy as follows:

"Q. I will ask you to state whether or not anything was said about the ownership of the automobile?

"Mr. Dillon: (Attorney for defendants). We object to that, your Honor.

"THE COURT: By way of refreshing his recollection I will overrule your objection.

"A. When I was getting the information for the wreck I asked him who owned the car and he said he owned it.

"Q. Mr. Jack Malone said he owned the car.

"A. Yes sir."

■ This evidence was admissible in support of plaintiff's contention that the driver, Mrs. Nellie Malone was an agent or servant of her husband, Jack Malone, at the time of the collision. An administrative presumption obtains on proof of such ownership that she was acting as her husband's agent or servant and also was acting within the line and scope of her authority. Craft v. Koonce, 237 Ala. 552, 187 So. 730(2). Defendants offered no evidence whatsoever; nor did they testify.

■ The objection to the question was general and is without weight on this appeal if the evidence was admissible for any purpose. Rules of the Circuit Court, Title 7 (Appendix), Code of Alabama 1940, Rule 33. Ledbetter-Johnson Co. v. Hawkins, 267 Ala. 458, 103 So.2d 748(7).

This evidence when elicited by plaintiff on direct examination was direct and positive, but, on cross-examination was less positive and certain. The witness answered that it could have been Mrs. Malone—he was not positive.

■ What Mrs. Malone told the witness, outside the presence of her husband as to ownership of the car, was hearsay and objectionable for other reasons. In the absence of an appropriate objection or motion to exclude, it was admissible. Defendants were the actors in seeking its adduction.

The defendants, when plaintiff rested, moved the court to exclude the testimony so far as it pertained to Jack Malone. The court overruled this motion.

■ This ruling of the court is not assigned as error and, of course, is not subject to review on this appeal. Rules of Practice in the Supreme Court, Appendix, Code of Alabama 1940, Rule 1; Rowland & Co. v. Plummer, 50 Ala. 182(11).

■ We agree with the trial court that the evidence of patrolman Foster touching the alleged respondeat superior relationship between the defendants presented a jury question, and the refusal of the affirmative charge or a directed verdict for defendant Jack Malone was proper.

■ Appellants assign as error the adverse ruling of the court on defendants' objection to a question propounded to patrolman Foster:

"Q. Will you describe the position of the vehicles when you arrived at the scene of the accident?"

The stated grounds of objection were that it was not shown that the vehicles were in the same position when the witness arrived at the scene of the accident.

Mr. E. E. Coggins, an eyewitness to the collision, testifying for plaintiff, stated that when he left the scene it was two or three minutes before he met patrolman Foster, and that when he left the vehicles had not been moved.

Foster testified that he met Mr. Coggins about a mile from the scene of the collision, and that at the time he (Foster) was proceeding to the scene of the accident.

In the case of Holley v. Josey, 263 Ala. 349, 82 So.2d 328(6), which was a wrongful death action, this court held that the testimony of W. C. King and Lewis Cantaline, as to objects found at the scene of the collision about six hours after the time of the accident, was admissible. We observed as follows:

"We are aware of our cases, notably Kress & Co. v. Barratt, 226 Ala. 455, 147 So. 386; Bradley v. Deaton, 208 Ala. 582, 94 So. 767, and Southern R. Co. v. Lefan, 195 Ala. 295, 70 So. 249, which hold, in substance, that if a party, in an effort to show negligence, attempts to introduce evidence as to conditions before or after the time of the accident, it must be first made to appear that the conditions were substantially the same on the two occasions. But the rule as expressed by these cases is limited to where it is an attempt to show negligence, as for instance, the condition of a sidewalk, or whether or not trailer lights were burning, or whether or not an awning was properly secured. In this instance, the testimony of Mr. King and Mr. Cantaline was of a different nature, and seems in part to be an effort to show the point at which young Mr. Josey was struck. We feel that defendants below, appellants here, are entitled to show all the facts surrounding the observations of Mr. King and Mr. Cantaline, including the lapse of several hours' time, the fact that many people were gathered around the scene of the accident, the fact that there was much travel over this highway, all to affect the credibility of their testimony and the weight which the jury would give to it. However, under the circumstances of this case, we feel that their testimony was admissible. Appellants can take nothing by Assignments of Error * * *." (82 So.2d at page 333.)

■ Assignment of Error 8, addressed to a question and answer set out below, is without merit.

"Q. And these were plainly visible (referring to a stop sign) on February 16?

"A. Yes sir."

Objection was made on the ground that the question called for a conclusion and invaded the province of the jury.

Appellants argue error in their brief because the question did not state the year, the time or otherwise identify any element which would make it relevant to the case. No argument is made in support of the assigned grounds to the question.

We think the evidence sufficiently identifies the time or year to which the witness had reference. Mr. Coggins, a witness for plaintiff, testified that the collision occurred on February 16, 1960, which is the date alleged in the complaint. He further testified that while enroute from the collision, he met patrolman Foster driving toward the scene of the collision. Foster testified about meeting Mr. Coggins.

■ In view of the evidence as to the nature and permanency of the wounds and lacerations on the head, face and body of the plaintiff, we think the amount of the verdict was quite reasonable and certainly not excessive.

There was no error on the part of the trial court in overruling the motion for a new trial on the ground that the verdict was excessive, nor on other grounds assigned and argued.

The judgment of the trial court is due to be affirmed and it is so ordered.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice, and was adopted by the court as its opinion.

Affirmed.

LAWSON, GOODWYN, MERRILL and HARWOOD, JJ., concur.