322 So.2d 679

**Grace LEETH, as Administratrix of the Estate of O. J. Leeth, Deceased**

**v.**

**Clarence Alfred ROBERTS, Jr., etc.**

**SC 1350.**

Supreme Court of Alabama.

Nov. 20, 1975.

James S. Hubbard, and Charles L. Parks, Anniston, for appellant.

J. M. Sides, Anniston, for appellees.

JONES, Justice.

This is an appeal from a directed verdict in favor of Anniston Lincoln Mercury, Inc., and its agent, Clarence Alfred Roberts, Jr., in a wrongful death action brought against them by Grace Leeth, as Administratrix of the estate of O. J. Leeth.

There are two issues for review: First, does evidence that the defendants' automobile came to a stop one to two feet across the center line following a head-on collision on a two-lane road make out a jury question on the issue of negligence? Second, must testimony concerning the posi-

tion of vehicles after a collision be corroborated by proof that the vehicles had not been moved between the time of the accident and the time of the observation by a witness in order to be admissible?

We answer both questions in favor of the appellant; therefore, we reverse and remand for a new trial.

Because this case must be retried on remand, we consider it unwise to discuss the evidence extensively. Suffice it to say that the left front end of the car driven by plaintiff's intestate collided with the left front end of the car driven by Roberts in a curve on Highway 9 near Lineville, Alabama, on January 25, 1973. Plaintiff's intestate died instantly as a result of the collision. Appellant brought this wrongful death action urging the theory that Roberts was hugging the inside of the curve in violation of the rules of the road.

On direct examination, the plaintiff called Roberts who testified that he saw the Leeth car coming toward him and he began to pull his car to the right when the collision occurred. He also testified that immediately after the head-on collision the front end of his car came to rest one or two feet across the center line of the highway, i. e., to his left of the center line. He then drove his car across the road and parked his car off the paved surface onto the shoulder of the highway.

At the close of the plaintiff's case, the trial Judge granted the defendant's motion for a directed verdict.

■ The propriety of this ruling is embraced in the issue whether Roberts' testimony that he was pulling right immediately before the collision and that his car came to rest across the center line after the collision makes out a jury question on negligence. The Alabama case of *Smith v. Tripp*, 246 Ala. 421, 20 So.2d 870 (1945), is directly on point. In that case, the only competent evidence on the issue of liability showed "that the driver of the defendants' truck pulled to the right immediately be-

fore the collision" and that his truck came to rest with the back corner of the trailer slightly over the center line. The Court held that this testimony was enough to make out a jury question (and, indeed, to sustain a jury verdict) on whether the defendants' truck was hugging the inside of the curve immediately before the collision. We hold that *Tripp* is authority for this situation; therefore, it was error to grant a directed verdict for the defendant.

 Because the evidentiary question will likely arise again upon retrial of this cause, we will now treat that issue.

Plaintiff called Wayne Watts as a witness. Watts had followed the police to the accident scene. The plaintiff asked Watts where the vehicles were located at the scene of the accident. The trial Judge excluded this testimony because the plaintiff could not prove that the automobiles had not been moved between the time of the collision and the time Watts arrived on the scene. Both parties rely upon the cases of *Holley v. Josey*, 263 Ala. 349, 82 So.2d 328 (1955), and *Malone v. Hanna*, 275 Ala. 534, 156 So.2d 626 (1963), to support their positions on this appeal.

The *Josey* case, which was quoted at length and approved in the *Hanna* case, affirmed the trial Court's admission of evidence concerning the location of objects found at the scene of an automobile accident even though the proponents could not prove that the objects were in the same place when the witnesses saw them as they were at the time of the accident. The *Josey* court cited and distinguished three Alabama cases: *S. H. Kress & Co. v. Barratt*, 226 Ala. 455, 147 So. 386 (1933); *Bradley v. Deaton*, 208 Ala. 582, 94 So. 767 (1922); *Southern Railway Co. v. Lefan*, 195 Ala. 295, 70 So. 249 (1915). See also *Birming-*

*ham Union Railway Co. v. Alexander*, 93 Ala. 133, 9 So. 525 (1890).

The *Josey* court stated that the cited cases held "in substance, that if a party, in an effort to show negligence, attempts to introduce evidence as to conditions before or after the time of the accident, it must be first made to appear that the conditions were substantially the same on the two occasions"; but it held that "the rule as expressed by these cases is limited to where it is an attempt to show negligence".

The appellees argue that this language justifies the trial Judge's exclusion of Watts' testimony because it was offered in an effort to prove the plaintiff's allegation of negligence. This is not a proper interpretation of *Josey*.

To understand the rule, it is necessary to compare the three cases *Josey* distinguished with the holding of *Josey* and *Hanna*. The cases cited in *Josey* involved situations in which the negligence sought to be proved was a defective condition in the defendant's property (for example, an improperly secured awning or a burnt out trailer light). In such cases, the ultimate issue of liability is whether the property was defective at the time of the accident; that is to say, similarity of circumstances is a necessary predicate when the existence of an object or condition at a given time is in issue or is the gravamen of the action or defense.[1] Therefore, any testimony concerning the condition of the property either before or after the accident is highly persuasive and should be corroborated by proof that the condition had not changed during the interval to avoid misleading the jury.[2]

Unlike those cases, *Josey*, *Hanna*, and the instant case involved testimony con-

---

1. For a good discussion of "Prior or Subsequent Existence," see II *Wigmore on Evidence*, § 437, p. 413 (1940).

2. This is not to be understood as changing or otherwise affecting those cases which recog-

nize the exceptions to this general rule. See, for example, *Norwood Clinic v. Spann*, 240 Ala. 427, 199 So. 840 (1941), and *Gulf, M. & N. R. Co. v. Havard*, 217 Ala. 639, 117 So. 223 (1928).

cerning the position of objects or vehicles at the scene of an automobile accident. Here, this testimony was obviously not offered in an effort to prove negligence. Indeed, the location of the defendant's car immediately after impact rather than its location as observed by Webb is more favorable to the plaintiff's theory of liability.

*Josey* did not intend to exclude all testimony about the scene of an accident which could not be accompanied by evidence accounting for the interval between the accident and the witness's observation. In fact, both *Josey* and *Hanna* affirmed the admission of such testimony without proof that the objects or vehicles had not been moved. In cases where the testimony does not go directly to the ultimate issue of liability, but only constitutes one feature of a composite of the witness's observations, the *Josey* court concluded that the right of cross examination—to show all the surrounding facts and circumstances—would amply protect the defendant. The credibility and weight of the testimony is left to the jury. We hold, therefore, that the exclusion of Watt's testimony was error.

We conclude on a note of caution. While the limited purpose of the question in the instant case was readily apparent, there are often situations where it is not clear from counsel's question whether the elicited proof of subsequent conditions at the accident site goes to the ultimate issue of liability. An example can be seen in the .case where proof is offered of repair of premises after an accident. Evidence of subsequent repairs may be admitted for the limited purpose of showing the condition of the premises at the time of the accident, but such evidence is not admissible as an admission of negligence by the defendant. Whenever such evidence is offered, in testing its propriety it is entirely proper for the trial judge to require of counsel to show what issue his proffered proof addresses. Whenever such evidence is admitted, the party opposing the evidence has a right to have the trial judge instruct the jury that the evidence is not admitted to show negligence but for the limited purpose of allowing the party offering the evidence to show the condition of the premises (or other limited purpose) at the time of the accident. *City of Montgomery v. Quinn*, 246 Ala. 154, 19 So.2d 529 (1944).

Reversed and remanded.

HEFLIN, C. J., and MERRILL, MADDOX and SHORES, JJ., concur.