JONES, Justice.
This appeal challenges the propriety of the trial court’s overruling of Plaintiff’s objection to Defendant’s proof of the condition of the brakes on Plaintiff’s trailer following an accident in which the trailer was overturned and damaged.
The facts are simple and, for the most part, uncontradicted. Defendant’s log truck became stuck off the paved portion of a public road with the trailer extending across most of the surface of the pavement. Plaintiff, a farmer, was unable to stop his vehicle; and, in his. attempt to pass the Defendant’s trailer by driving off the left side of the highway, his truck and trailer overturned without colliding with the Defendant’s trailer. He suffered personal injuries, incurred extensive property damage, and lost a load of fertilizer.
The triable issues centered around the Defendant’s alleged negligence in blocking the public road and the Plaintiff’s alleged contributory negligence in not keeping his vehicle under control and bringing the same to a safe stop after seeing the Defendant’s trailer across the highway. The jury resolved the issues in favor of the Defendant. Plaintiff appeals.
The single issue presented arises out of the wrecker driver’s testimony to the effect that, during his towing of the Plaintiff’s wrecked trailer, he discovered that its brakes were working only on one wheel. The obvious purpose (and, indeed, the only purpose) of this testimony was to create in the minds of the jury the inference that the Plaintiff was guilty of contributory negligence in operating his truck and trailer with defective brakes.
Simply put, the question is: Whether the party having the burden of proving the defective condition of the place or thing at the time of the accident may meet that burden by offering evidence of its condition before or after the accident? Asked another way and in the context of the instant facts: Was the wrecker driver’s testimony that the damaged trailer’s brakes were defective, at a time subsequent to the accident when being towed from the accident scene, admissible as tending to prove that the brakes were defective immediately before and at the time of the accident? We hold that such evidence was not admissible; thus, we reverse and remand.
J. Russell McElroy’s The Law of Evidence in Alabama, 2nd. ed. § 80.01, (1959), states the general rule:
“If there is direct testimony that condition of the place or thing in suit, which is claimed by the plaintiff to have been defective, was the same at a time prior or subsequent to the accident in suit, evidence of the condition at such prior or subsequent time is admissible as tending to prove the condition of such place or thing at the time of such accident.”
Judge McElroy goes on to point out that direct proof that the condition of the place *594 or thing remained unchanged is not necessary under certain limited circumstances:
“(1) the two occasions are so near together in point of time as to afford a presumption of similarity ... or (2) the facts and dircumstances are such as to disclose a continuing condition.”
The distinguished author then concludes: “When neither of these elements exist, evidence of prior or subsequent conditions is not admissible in the absence of preliminary proof that the material conditions were the same.”[1]
Not only is there no direct proof that the condition of the brakes as testified to by the wrecker driver remained the same as before and at the time of the accident, but the fact of the intervening wreck and the resultant damage to the I-beams and wheels of the trailer (totalling over $5,000) preclude the invocation of either the “presumption of similarity” or “continuing condition” exception to the general rule. Indeed, the facts of this case fall squarely within the prohibition of the rule. Bradley v. Deaton, 208 Ala. 582, 94 So. 767 (1922). See, also, S.H. Kress & Co. v. Barratt, 226 Ala. 455, 147 So. 386 (1933). (It should be noted that these cases, along with our instant holding, are to be distinguished from Leeth v. Roberts, 295 Ala. 27, 322 So.2d 679 (1975), and the line of cases cited therein, permitting testimony of a witness as to the position of the automobiles, or other physical evidence, soon after the collision, although the witness did not know the position of the objects testified to immediately after the collision.)
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.

. C. Gamble’s McElroy’s Alabama Evidence, § 80-01 (3d ed. 1977), retains this entire text, updating the Alabama authorities for the propositions quoted herein.